FARRELL vs. DREES and another.

GRAHAM LIQUOR LAW: REPEAL. *(1) Effect of repealing act upon action previously commenced upon liquor seller's bond.*
APPEAL: PRESUMPTION. *(2) What presumptions indulged to sustain judgment, where evidence not preserved.*

1. The decision in *Dillon v. Linder*, 36 Wis., 344, that all rights of action given by, and all actions brought under, ch. 127 of 1872 (the "Graham Liquor Law"), which had not proceeded to final judgment before the repeal of that act (by ch. 179 of 1874) fell with such repeal — adhered to, and applied to an action *upon the bond* under sec. 1 of said chapter.
2. Where the evidence is not preserved in the bill of exceptions, it will be presumed, in favor of a judgment for the plaintiff, that the evidence sustained the complaint; but if the complaint does not state facts which constituted a cause of action when the judgment was rendered, it will not be presumed that *other* facts constituting a cause of action were proven.

APPEAL from the Circuit Court for *Oconto* County.

The defendant *John B. Drees* was a licensed saloon-keeper in the town of Peshtigo, having given the bond required by sec. 1, ch. 127, Laws of 1872. The defendant *Edward Drees* and another were his sureties in such bond. There is an alleged defect in the bond, but it is not material to the decision of the case.

This is an action on the bond, brought by a married woman; and the breach alleged is, that she has been injured in her person, property, and means of support, because of the sale of intoxicating liquors by the said *John B. Drees* to her husband. The answer is, in effect, a general denial, except that it admits the execution of the bond.

The action was tried in May, 1874, and the trial resulted in a judgment for the plaintiff. The defendants appealed. There is no bill of exceptions in the record.

For the appellants, briefs were filed signed by *H. J. Hunt-ington* as their attorney, and by *Fairchild & Fairchild*, of

counsel, and there was oral argument by *H. O. Fairchild.* To the point that the plaintiff's cause of action, not having gone into judgment before the repeal of the statute upon which it was founded, fell with such repeal, they cited and relied upon *Dillon v. Linder,* 36 Wis., 344.

The cause was submitted for the respondent on the brief of *Hastings & Greene.* They contended, 1. That where the defendants to an action have appeared, and the record on appeal contains only the pleadings and the judgment, and shows no exception taken to any ruling of the court, the judgment will not be reversed. Tay. Stats., 1636, § 13; dissenting opinion of Dixon, C. J., in 20 Wis., 245; *Smith v. Whitney,* 22 id., 438; *Bowman v. Van Kuren,* 29 id., 215; *Riley v. Riley,* 34 id., 372; *Lake v. Gibson,* 2 Coms., 188; *Lounsbury v. Purdy,* 18 N. Y., 520; 48 id., 41; *Delaney v. Brett,* 51 id., 78. Where the complaint fails to state a cause of action, but the evidence shows one, if there has been no objection to the evidence, and none to the sufficiency of the complaint, or to the entry of the judgment, as not based on the complaint, the defect of the pleading is waived, and the judgment will stand. So where the complaint shows one cause of action, and the evidence an entirely different one, and there is a like absence of objection. So where counsel agree on the trial to waive the objection that the cause of action proven is not supported by the complaint, or where they stipulate to try the case regardless of the pleadings, or where the defendant, in open court, admits a cause of action against him, making no objection that the complaint is insufficient or is for a different cause of action. In all these cases, and many others, the judgment will be sustained notwithstanding the insufficiency of the complaint. *Lounsbury v. Purdy, Smith v. Whitney* and *Bowman v. Van Kuren, supra.* But all these are matters which can be brought before the appellate court only by a bill of exceptions, which the appellant only has a right to make. In the absence, therefore, of a bill of exceptions, it cannot be presumed that nothing

occurred on the trial to sustain the judgment. 2. The complaint shows that the husband, rendered crazy by the willful and malicious act of the defendant *John B. Drees* in selling him liquor with a full knowledge of its effects, committed personal violence upon the plaintiff and destroyed her property. These facts would give her a right of action at common law, independently of the act of 1872, as against *John B. Drees.* See secs. 4–16, ch. 179, Laws of 1874. The appeal being joint, and there being no exception below on the ground that *Edward Drees* was not a proper party, the fact that the judgment may be erroneous as to him cannot be taken advantage of here. *Gundry v. Vivian,* 17 Wis., 436. 3. Plaintiff's right of action was not affected by the repeal of the act of 1872. (1) The better doctrine is, that while the repeal of a *penal* statute will defeat proceedings to enforce it instituted before such repeal, strictly private rights of action, for acts injurious to the plaintiff's rights, though arising out of statute, are not affected by a repeal of the statute. *People v. Supervisors,* 4 Barb., 64, 75; *Vanderkar v. Rensselaer,* 13 id., 390, 393; *College of Physicians v. Harrison,* 9 Barn. & Cress., 524; *Palmer v. Conly,* 4 Denio, 374–5; Dixon, C. J., in 12 Wis., 75. (2) Here the plaintiff had acquired a cause of action upon a valid *contract,* which was complete when the repealing act took effect; and the case does not come within *Dillon v. Linder.* *Butler v. Palmer,* 1 Hill, 324; *Steamship Co. v. Joliffe,* 2 Wall., 450; *Ex parte Graham,* 13 Rich. Law, 277; *Nelson v. Rountree,* 23 Wis., 367, 371; *State ex rel. Knox v. Hundhausen,* id., 508, 510; 24 id., 457, 664; *Streubel v. R. R. Co.,* 12 id., 67, 75; *Tuolumne Redemption Co. v. Sedgwick,* 15 Cal., 515; *McCauley v. Brooks,* 16 id., 11; 2 Gray, 339; Cooley's Con. Lim., 285, 286, 290; *Ogden v. Saunders,* 12 Wheat., 259, 302, 318. A person for whose benefit an obligation is executed, although not a party to it, may sue upon it. *McDowell v. Laev,* 35 Wis., 171.

In reply, the appellants' counsel argued, 1. That the cases

in this court cited for the respondent are all cases where the cause of action was *defectively* stated in the complaint, and the defect if objected to, might have been cured by amendment at the trial; or where the complaint was sufficient and could have been conformed to the proofs without *substantially* changing the cause of action; whereas in this case no cause of action is set out in the complaint, nor could there be upon the facts stated; and that in such a case, the court not having any power of amendment so as to state a cause of action, the defect cannot be cured by verdict. *Harris v. Harris*, 10 Wis., 467, and cases there cited; dissenting opinion of DIXON, C. J., in *K. v. H.*, 20 Wis., 245; *Bowman v. Van Kuren*, 29 id, 215; Tay. Stats., 1446, § 41. 2. Is not sec. 6 of the act of 1872 *penal* in its nature, and should it not be governed by the same rule as penal statutes? *Streubel v. R. R. Co.*, 12 Wis., 77; *Pryce v. Ins. Co.*, 29 id., 275; *Curtis v. Leavitt*, 15 N. Y., 152; *Cohn v. Neeves*, 40 Wis., 393. 3. It is claimed that this is a suit on the bond; but, (1.) Such a suit must be in the name of the state. *Annett v. Kerr*, 28 How. Pr., 324; *People v. Norton*, 9 N. Y., 176; *Stillwell v. Hurlbert*, 18 id., 374. (2.) Even if the bond in this case were valid, either as a statutory or common-law bond, plaintiff could not enforce it except as she could trace her right of action through the statute. It is simply an incidental security for the performance of the primary obligation to pay certain damages, which obligation existed, under sec. 6, independent of the bond; but this obligation had ceased to exist at the time of the trial, by the repeal of the act, and the bond fell with it. 2 Parsons on Con., 15–17; Chitty on Con. (10th ed.), 576; *Jones v. Barlow*, 62 N. Y., 202, 205; *Hutchinson v. Moody*, 18 Me., 393. A right of action under the bond would not become a *vested* right until it had passed into a judgment. *Butler v. Palmer*, 1 Hill, 324; *Pryce v. Ins. Co.*, 29 Wis., 275; *Dillon v. Linder*, 36 id., 344. (3.) The bond is not a contract within the meaning of sec. 12, art. I of the constitution of this state, or

sec. 10, art. I of the federal constitution. *People v. Roper*, 35 N. Y., 637, 639; *Butler v. Comm. of Pa.*, 10 How. (U. S.), 416.

LYON, J. Ch. 127, Laws of 1872, under which the bond in suit was given, was repealed by ch. 179, Laws of 1874, before the present action was tried.

The plaintiff's right of action was given by the former act, and depended entirely upon it. In *Dillon v. Linder*, 36 Wis., 344, we held, after much consideration, that all rights of action given by, and all actions brought under, the act of 1872, which had not proceeded to final judgment before the repeal of that act, fell with such repeal. This decision, the correctness of which we have never doubted, rules the present case. The fact that this action is not brought directly against the saloon-keeper alone, under sec. 6 of the act of 1874, but upon the bond, under sec. 1, is of no importance. In either case the right of action depends upon the statute, and the repeal of the statute before judgment, without any saving clause, abolished the right.

It is argued, however, that because the evidence has not been preserved by a bill of exceptions, it should be presumed that a valid cause of action of some kind was proved on the trial. In the absence of a bill of exceptions, this court will presume, in support of the judgment of the court below, that all of the allegations contained in the pleadings and essential to the judgment were proved. We know of no authority for extending a presumption beyond that. Hence, in this cause the presumption is that all the allegations in the complaint were duly proved. There it stops. But that will not save the judgment, because, when it was rendered, the facts stated in the complaint were not sufficient to constitute a cause of action.

The learned counsel for the plaintiff have submitted a most ingenious and able argument in support of the judgment; but

it is unnecessary to comment upon it at length, for the views above stated are decisive of the case.

The judgment of the circuit court must be reversed, and the cause remanded with directions to dismiss the action.

*By the Court.* — So ordered.