## WHEELER vs. LUCY HALL, imp.

CONTRACTS: PLEADING: MECHANIC'S LIEN. *(1, 2) Implied contract to pay for services rendered without defendant's request. (2, 3) Complaint for a mechanic's lien.*

1. If one accepts, or knowingly avails himself of the benefit of, services done for him without his authority or request, he becomes liable therefor; and *a fortiori* he is so liable where the services are procured to be rendered with his knowledge and consent.

2. In an action against J. H. and L. H., the complaint alleges that plaintiff, as a machinist, did work for the defendants, in erecting a certain mill and repairing a certain other mill on certain described premises, at the special instance and request of J. H., and with the knowledge, consent and approbation of L. H. (specifying the time when such labor was performed, and the value thereof); that L. H. then was and still is owner of the premises, and J. H. was in the actual occupation of them, with the knowledge, consent and approbation of L. H., and both of them participated in the management and control of the business of operating said mill; and that defendants thereby became indebted to plaintiff in a certain sum, which they refuse to pay on demand. *Held*, that a cause of action is stated against both defendants personally, and plaintiff has a lien upon the interest of both in the premises, if he has taken the steps required by the statute to secure such a lien.

3. The complaint further alleges that on a certain day (within the time prescribed by the statute), plaintiff duly filed his petition for a lien upon the premises on which said labor was performed, in the office of the clerk of the circuit court, in accordance with the provisions of the statute, whereby he has acquired a lien on said premises (describing them); "to all of which petition and proceedings thereon this plaintiff refers, and hereby makes the same a part of this action." Without deciding whether these averments would be sufficient to support a judgment for a lien, this court (in affirming an order overruling a demurrer) suggests that, upon the cause being remitted, the complaint be amended by inserting a brief statement of the contents of the petition.

APPEAL from the Circuit Court for *Portage* County.

Action to enforce a mechanic's lien upon certain premises described in the complaint, for work done by plaintiff as a machinist in the erection of a certain mill, and in repairing a certain other mill on said premises.

The complaint alleges that the work was done for the defendants at the special instance and request of the defendant James Hall, and with the knowledge, approbation and consent of the defendant *Lucy Hall*, who, it is alleged, was then the owner of the legal title to such premises; that the same were in the actual occupation of James Hall; that both he and *Lucy Hall* (his sister) participated in the management and control of the business of running and operating the mills upon which the work was performed; and that such work was performed upon articles of machinery which were fixtures to the premises. It further alleges that within six months from the time the last work was done by the plaintiff on the machinery, he duly filed his petition for a lien upon said premises, in the office of the clerk of the circuit court, in accordance with the provisions of the statute; and reference is made thereto as follows: "To all of which petition and proceedings thereon this plaintiff refers, and hereby makes the same a part of this action." Judgment is demanded against both defendants personally, as well as for the enforcement of the lien.

The action was commenced within the time prescribed therefor by the statute, after the performance of the work and the filing of the petition for a lien.

*Lucy Hall* demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against her; and she appealed from an order overruling her demurrer.

The cause was submitted on the briefs of *James O. Raymond* for the appellant, and *H. W. Lee* for the respondent.

For the appellant it was contended, that an action to enforce a mechanic's lien is a personal action — an action at law upon contract (*Marsh v. Fraser*, 27 Wis., 596; *Hall v. Hinckley*, 32 id., 369), and, so far as the personal liability of the defendant is concerned, is governed by the rules applicable to personal actions. In an action to recover for work

and labor performed, it must be alleged that they were performed at defendant's request (1 Chitty on Pl., 343), or that he promised to pay for them (1 Chitty on Pl., 301), or that they were done for his benefit and with his knowledge and consent, in which case the law implies a promise to pay. None of these facts are alleged in the complaint. It is not stated that the work was beneficial to *Lucy Hall*, and even that statement would have been insufficient, in view of the allegation that the work was done for, and at the express request of, James Hall, who was in the actual occupancy of the premises. The mere fact that the appellant knew that plaintiff was at work for James Hall, upon her property, and was willing that he should so work, raises no implied promise on her part to pay for the work. The only ground upon which her liability is claimed, seems to be the fact that she held the legal title to the premises, while it was conceded that they were actually occupied by James Hall. Whether he occupied as her lessee, or as her agent, or by some adverse claim, is not stated. If he occupied adversely, or as lessee to make these improvements at his own expense, the appellant is not liable under any implied promise to pay for such improvements. The facts stated in the complaint, therefore, are insufficient to charge *Lucy Hall* personally with the debt. *Supervisors v. Kirby*, 25 Wis., 498; *Wolff v. Stoddard*, id., 503. 2. If the appellant is not personally liable, plaintiff has no lien upon her interest in the land. It was not the intention of the statute to authorize the sale of property belonging to other persons than the debtor, to pay the debt. *Dewey v. Fifield*, 2 Wis., 82. A mechanic's lien only equals in effect the lien of a docketed judgment. *Rees v. Ludington*, 13 Wis., 281. Where the plaintiff is a subcontractor, the owner of the building may be made a party (Tay. Stats., 1765, § 14); where the premises are owned by the husband or wife of the debtor, such husband or wife may be made a party (Tay. Stats., 1766, § 15); and a subsequent purchaser of the premises may also be made a party

(*McCoy v. Quick*, 30 Wis., 521); but with these exceptions no authority exists for enforcing a lien against any interest in the real estate other than that of the principal debtor. *Hall v. Hinckley, supra.* 3. The complaint should show, not only that a petition had been filed in the proper office, but that such petition contains the statements required by law to be inserted therein; and the averments in the complaint in that behalf are insufficient. *Shaw v. Allen*, 24 Wis., 563.

For the respondent it was argued, that the complaint was sufficient under the rule laid down in *Dewey v. Fifield*, 2 Wis., 72. The demurrer admits that the appellant " is the owner of the legal title to the lands described in the complaint;" that the plaintiff began work *for her* in the building and construction and the repair of the respective mills; that he worked thereon during the time and at the price per month alleged; and that she " participated in the management and control of the business of running and operating the said mills." Construing the complaint "liberally, with a view to substantial justice" (Tay. Stats., 1443, § 23; *Jarvis v. McBride*, 18 Wis., 316; *Wals v. Grosvenor*, 31 id., 687; *Morse v. Gilman*, 16 id., 504), it shows that the appellant was not only the owner of the premises, but at least a joint contractor, if not the principal party in interest, James Hall acting only as her agent in making the contract. The averment that the appellant is indebted to the plaintiff in the sum of $500, after the previous allegations showing that it was for work done for her, seems to be sufficient; and no promise need be stated. 1 Chitty on Pl., 361, and cases cited in note. The complaint certainly alleges that work was done for the appellant, upon her premises, with her knowledge, consent and approbation; and it was clearly intended to charge that it was for her benefit. From these facts the law will imply a promise upon her part to pay. 2 Black. Com., 443; 2 Greenl. Ev., 88; *Moline Water Power Co. v. Nichols*, 26 Ill., 90; *Nichols v. Allen*, 3 C. & P., 36; 7 Johns., 88; 10 id., 243; 1 Caines, 588.

Wheeler vs. Lucy Hall, imp.

LYON, J. I. We think the complaint contains averments of fact which, if proved, establish the personal liability of the appellant, *Lucy Hall*, to the plaintiff, for his work upon the mills. The case made by the complaint is briefly this: *Lucy Hall* held the legal title to the premises on which stood the mills and machinery which the plaintiff assisted to erect and repair; James was in the actual occupancy of the premises; and the mills thereon were managed, run, operated and controlled by both defendants. It is not alleged that James was the exclusive occupant of the mills, and it is a fair inference from the whole complaint that they were occupied in common by James and *Lucy*. It certainly appears therefrom that *Lucy*, with the full knowledge that the plaintiff had been employed to do the work and had performed it, accepted the benefit of his labor. Such being the situation of the property as to title and occupancy, James, with the knowledge, consent and approbation of *Lucy*, employed the plaintiff to work on the machinery in the mills, and with like knowledge, approbation and consent on her part, the plaintiff performed the work, and when performed the same enured to her benefit.

On the principle that if one accepts or knowingly avails himself of the benefit of services done for him without his authority or request, he shall be held to pay for them (1 Chitty on Contracts, 11th Am. ed., 80, note(s), and cases cited), *Lucy* would have been liable personally to the plaintiff for his work, even though James had employed the plaintiff without her knowledge. How much stronger, then, is the case against her when James employed the plaintiff to work on her mills and machinery with her knowledge, consent and approbation.

Inasmuch as it appears from the complaint that the appellant is personally liable to pay the plaintiff for his work, it necessarily follows that he is entitled to a lien for the amount thereof upon her interest in the premises upon which such work was done.

We do not hold that if the work was done solely for the

convenience and accommodation of James, although with the permission of *Lucy*, she would be bound to pay for it, or that her land could be subjected to a lien therefor. We have no such case before us. The averment is that the work was done for both defendants; and, as we have seen, the facts alleged show that it was done for *Lucy* as well as for James. See *Wells v. Banister*, 4 Mass., 514; *Knowlton v. Plantation No. 4*, 14 Me., 20.

II. It is claimed that the complaint fails to show that the plaintiff has filed in the proper office such a petition as entitles him to a lien. The averment is, that he filed in the office of the clerk of the court his petition in accordance with the statute in such case made and provided, and there is no specific statement of the contents of the petition. If the complaint is defective in this particular, the demurrer does not reach the defect; for we have already seen that a valid cause of action is stated in the complaint against the appellant, even though the lien prayed for cannot be enforced under it. We do not decide, therefore, whether the complaint is or is not sufficient to authorize the court to enforce the lien as therein prayed; but we suggest that it would be the better mode to insert in the complaint a brief statement of the contents of the petition, as was done in *Rice v. Hall*, decided herewith. The circuit court will doubtless permit the complaint to be amended in that particular, should the plaintiff ask leave to amend it.

No other objection is made to the complaint.

*By the Court.* — Order affirmed.