WESTON and others vs. McMILLAN and others.

EVIDENCE: *(1) Parol proof of unnamed principal in contract.*
AMENDMENT OF COMPLAINT: *(2) When regarded here as made.*

1. Where one, in signing a simple contract in his own name, acts in fact as agent for a third person, that fact may be shown by parol, by or against the unnamed principal, even where the agreement is one which the statute of frauds requires to be in writing.

2. Where an item, growing out of the plaintiff's principal claim, though not set up in the complaint, is litigated at the trial, submitted to the jury by proper charge, and included in the verdict, this court will consider the necessary amendment of the complaint as made.

Weston and others vs. McMillan and others.

APPEAL from the Circuit Court for *Portage* County.

. The complaint alleges, in substance, that, during the sawing season of 1874, and prior to September 1st of that year, plaintiffs sawed and piled for defendants, at their request, 400,000 feet of logs, at the agreed price of $3 per thousand for the sawing; and that the sum of $260.35 became due therefor at the date last mentioned, which defendants have refused to pay on demand, etc. The answer contains a general denial, and alleges that on the 6th of February, 1874, the parties entered into an agreement by which plaintiffs were to . deliver to defendants, at the mill of the former in the city of Stevens Point, good, merchantable lumber, at $6.75 per thousand; that afterwards, before this suit was commenced, the price was changed, in consideration of the plaintiffs having to pay certain sums for boomage, to $7.25 per thousand; that, pursuant to said agreement, plaintiffs delivered to defendants about 250,000 feet of lumber, for which defendants have paid the plaintiffs in full, viz., $1,825, and which lumber defendants allege is the same which is alleged in the complaint to have been sawed by plaintiffs out of logs owned by defendants. Defendants therefore ask for judgment of dismissal and costs.

The question chiefly litigated was, whether certain logs sawed by the plaintiffs, and the lumber from which was delivered to the defendants, were, at the time of such sawing, the property of the defendants. The testimony introduced by the plaintiffs tended to show that, at the request of the defendants and for them, plaintiffs entered into a written contract with one Stevens, for the purchase of said logs from Stevens; the contract being executed only by Stevens and the plaintiffs, and the latter being named therein as the purchasers; that Stevens, as well as the plaintiffs and the defendants, understood that the purchase was made for the defendants; that plaintiffs put their own mark upon the logs at defendants' request; and that defendants furnished the money to make payments to Stevens

as they became due, and to meet the expenses of boomage, and also paid expenses incurred by plaintiffs in effecting the purchase.

The court instructed the jury, among other things, that the presumption that the plaintiffs were the purchasers of the logs from Stevens might be overcome by parol evidence; and it submitted to them, upon all the evidence, the question whether plaintiffs merely acted as defendants' agents in making the purchase. The jury found for the plaintiffs; a new trial was denied; and defendants appealed from a judgment upon the verdict.

*D. Lloyd Jones*, for appellants, contended that where one makes a written contract for another, if the contract does not show that he acts as such agent, the principal is not bound, and parol evidence is not admissible to vary or contradict the terms of the contract by showing the agency. *Stackpole v. Arnold*, 11 Mass., 27; 20 Wend., 431; 4 Duer, 29; *Thompson v. Davenport*, 2 Smith's L. C., 358; 9 Wis., 521; 12 id., 476; 36 id., 202.

*H. W. Lee*, for the respondent.

RYAN, C. J. The only question in this case worthy of consideration is, whether the respondents could show by parol that they made the simple contract in their own name, with Stevens, on behalf of the appellants, and as their agents; and that is no longer an open question in this court. *Stowell v. Eldred*, 39 Wis., 614; *Saveland v. Green*, 40 id., 431. In *Stowell v. Eldred*, the rule is cited from Judge Story's admirable work on Agency. And we cannot do better here than add to his, the language of Baron PARKE, in *Higgins v. Senior*, 8 M. & W., 834:

"There is no doubt that where such an agreement is made, it is competent to shew that one or both of the contracting parties were agents for other persons, and acted as such agents in making the contract, so as to give the benefit of the con-

tract on the one hand to, and charge with liability on the other, the unnamed principals; and this, whether the agreement be or be not required to be in writing, by the statute of frauds; and this evidence in no way contradicts the written agreement. It does not deny that it is binding on those whom, on the face of it, it purports to bind, but shews that it also binds another, by reason that the act of the agent in signing the agreement, in pursuance of his authority, is in law the act of the principal.

" But, on the other hand, to allow evidence to be given that the party who appears on the face of the instrument to be personally a contracting party, is not such, would be to allow parol evidence to contradict the written agreement; which cannot be done. And this view of the law accords with the decisions, not merely as to bills of exchange signed by a person without stating his agency on the face of the bill, but as to other written contracts, namely, the cases of *Jones v. Littledale* and *Magee v. Atkinson*. It is true that the case of *Jones v. Littledale* might be supported on the ground that the agent really intended to contract as principal; but Lord DENMAN, in delivering the judgment of the court, lays down this as a general proposition, 'that if the agent contracts in such a form as to make himself personally responsible, he cannot afterwards, whether his principal were or were not known at the time of the contract, relieve himself from that responsibility.' And this is also laid down in Story on Agency, § 269."

There is, indeed, a question of a little item disbursed by the respondents in the course of their agency. It almost appears that the item is not included in the verdict. But, under the charge of the court below, it might well have been, under an amendment of the complaint, which we must consider made, to support the verdict. *Flanders v. Cottrell*, 36 Wis., 564.

*By the Court.* — The judgment of the court below is affirmed.