LAUER and another vs. BANDOW, imp.

MECHANIC'S LIEN. *(1–3) When erection of building on land of a married woman, by contract with her husband, creates no lien.*
PRESUMPTIONS: *(4) In support of judgment.*

1. One who erects a building on land of a married woman under a contract entered into by her husband in his own name, and not as her agent, has no personal claim against her, or lien on the property, unless she has done acts from which the law implies a promise to pay on her part.
2. Mere averments that the building was erected " with the full knowledge, consent and approbation " of the wife, and progressed "under her daily

view and inspection," and that she is living with her husband in said building, claiming it as a homestead, show no liability on her part. *Wheeler v. Hall*, 41 Wis., 447, distinguished.

3. Sec. 1, ch. 176 of 1869 (Tay. Stats., 1766, § 15), construed as merely regulating the *practice*, and not affecting the liability of the parties, in such a case.

4. In the absence of a bill of exceptions, it will not be presumed, in support of a judgment for plaintiff, that material facts *not alleged* in the complaint were proven.

APPEAL from the Circuit Court for *Grant* County.

Action against husband and wife to enforce a mechanic's lien for the price of labor performed and materials furnished by the plaintiffs in the erection of a dwelling house on a certain lot described in the complaint.

A written contract between the plaintiffs and the defendant husband for the erection of such dwelling house is set out in the complaint, and due performance by the plaintiff of such contract is therein averred. It is also alleged therein that a balance of the contract price is due and unpaid to the plaintiffs; that a petition for a lien therefor on the building and the lot upon which the same was erected, was duly filed in the proper office within six months after the work was completed; and that the action was commenced within six months after the filing of such petition. It is further alleged that the legal title to the land upon which the building is situated is in the defendant wife, *Anstine Bandow,* who is living with her husband in said house, and occupying and claiming the same as a homestead; and that the contract was entered into, and the house constructed, "with the full knowledge, consent and approbation of said *Anstine Bandow,* and said building progressed under her daily view and inspection."

The defendants answered jointly, substantially admitting all the allegations of the complaint which are material to this appeal, except that above quoted.

The cause was tried before the court and a jury, and resulted in a judgment against the defendant husband for the unpaid

balance due the plaintiffs on the contract, as determined by the jury, with a further adjudication that plaintiffs had a lien for such balance upon all the right, title and interest which defendants or either of them had in the dwelling house and lot described in the complaint when the petition for a lien was filed, or which they had since acquired.

From so much of the judgment as established a lien upon her interest in the real estate affected by it, the defendant *Anstine Bandow* appealed

The cause was submitted on the brief of *Jones & Sanborn* for the appellant, and that of *H. W. Lee* for the respondent.

For the appellant it was contended, 1. That in order to sustain such a judgment, the complaint should show, not merely that a petition for a lien was filed, but that it was such a petition as the statute requires, containing a brief statement of the contract upon which it was founded, and of the amount due thereon, etc.   R. S., ch. 153, sec. 5; *Dewey v. Fifield*, 2 Wis., 73; *Shaw v. Allen*, 24 id., 563; *Wheeler v. Hall*, 41 id., 447. 2. That the complaint must also show that the person with whom the contract for erecting the building was made, was the *owner* of the building, or his or her agent — that such person had some *interest* in the real estate.   *Shaw v. Allen*, *supra; Clark v. Raymond*, 27 Mich., 456; Phillips on Mechanics' Liens, §§ 101, 403; R. S., ch. 153, sec. 1.   Under our statutes relating to married women, the husband has no more control over his wife's property than a stranger.   R. S., ch. 95; Laws of 1872, ch. 155.   To charge the wife for work done upon her premises, it must be shown that the contract was with her and upon her credit.   63 N. Y., 612.   3. That as the statutory proceeding in such cases looks to a transfer of title to real property, often upon loose oral arrangements, every step essential to the security of rights and titles should be strictly insisted upon.   *Willard v. Magoon*, 30 Mich., 273.

For the respondent it was argued, 1. That, in the absence of a bill of exceptions, it will be presumed, after verdict and

judgment, that evidence was given to sustain the judgment, and that the proper amendments to the pleadings were allowed, if any were necessary. *Antisdel v. Railway Co.*, 26 Wis., 145; *Conklin v. Hawthorne*, 29 id., 476; *Bowman v. Van Kuren*, id., 209; *Clark v. Plummer*, 31 id., 442. 2. That the averments of the complaint are sufficient to show an implied contract on the part of the appellant. *Wheeler v. Hall*, 41 Wis., 447; *Rice v. Hall*, id., 453. 3. That sec. 1, ch. 176 of 1869 (Tay. Stats., 1766, § 15), was probably intended to establish as a rule of law, that where the title to real property is in the wife, and the husband contracts with third persons for the erection of buildings thereon, it shall be presumed that he acted as the wife's agent, so as to bind her interest in the land. 4. That if a personal judgment against the wife is necessary to support the lien, it may be supplied by amendment. Freeman on Judgments, § 70.

LYON, J. The record contains no bill of exceptions, and it must be presumed, in support of the judgment, that all the material allegations of the complaint were proved on the trial. But the presumption goes no farther. *Farrell v. Drees*, 41 Wis., 186. If the complaint fails to state facts showing that the lien should be enforced against the appellant, the judgment, so far as it affects her, cannot be upheld. The question to be determined is, therefore, Do the facts stated in the complaint show that the plaintiffs are entitled to a lien on the appellant's interest in the dwelling house and the lot upon which it was erected?

An action to enforce a lien can only be brought against the debtor, his executors or administrators (R. S., ch. 153, sec. 8); except that a purchaser or incumbrancer of the property affected by the lien, who became such after the building was commenced, is a proper party to the action. *McCoy v. Quick*, 30 Wis., 521; *Rice v. Hall*, 41 id., 453. The exception is not applicable to this case, for the reason that there is no aver-

ment in the complaint that the appellant's title accrued after the plaintiffs commenced the erection of the building in question.

It is manifest, therefore, that the appellant's interest in the property is not subject to the lien claimed, unless she is the debtor of the plaintiffs on account of the erection of the building; and the precise question is, Does the complaint show that she is their debtor in that behalf? Clearly it does not show her to be such debtor unless it shows that her husband acted as her agent in making the contract, or that she has done acts from which the law will imply a promise on her part to pay the plaintiffs for their labor and materials.

The contract purports on its face to have been made by and between the plaintiffs and the defendant husband. The wife is not named therein, and there is no express averment that her husband acted as her agent in making it, or that she promised to pay the plaintiffs for erecting the house. If any liability on her part is stated therein, it must be found in the averment that the contract was made and the building erected " with the full knowledge, consent and approbation of the said *Anstine Bandow,* and said building progressed under her daily view and inspection."

The case of *Wheeler v. Hall,* 41 Wis., 447, is relied upon as authority that the above averment shows the liability of the defendant wife to the plaintiffs. The question there, as in this case, was upon the sufficiency of the complaint. There were two defendants, brother and sister, and the latter was the owner of the premises affected by the action. We sustained the complaint against the sister because it contained an allegation (wanting in this case) that the work was done for both defendants, and hence, that the sister was personally liable therefor. True, it was alleged in the complaint that the work was done at the special instance and request of the brother; but the judgment went upon the ground that it sufficiently appeared in the complaint that he acted as the agent of the sister, as well

as in his own behalf, in procuring the work to be done. This is not as clearly stated in the opinion as it should have been. It was also said in that case, *arguendo*, that the sister would have been personally liable to the plaintiff for his work, even though the brother had employed him without her authority or request, " on the principle that if one accepts, or knowingly avails himself of the benefit of services done *for him* without his authority or request, he shall be held to pay for them." The complaint showed that the work was done *for the sister*, as well as for the brother, which seems to make that case a proper one for the application of the principle. But, as already observed, the judgment went upon the agency of the brother, and not upon the implied promise of the sister to pay for the work.

In the present case, there is no averment in the complaint that the work was performed and the materials furnished by the plaintiffs for the appellant, or that she did any act in respect to the erection of the house which she would not ordinarily have done had the property belonged to her husband. Neither is she charged with any fraud or collusion. The mere fact that she owned the land on which the house was erected, is not sufficient to charge her or her estate with the cost of the house. There seems, therefore, to be no foundation for saying that the house was built for her; and the case is not within the principle stated in *Wheeler v. Hall.*

Our conclusion on this branch of the case is, that the averment in the complaint that the appellant knew of the contract between her husband and the plaintiffs, and consented to and approved it, and that the same was performed by the plaintiffs, with like consent and approval, "under her daily view and inspection," is entirely insufficient to raise an implied promise on her part to pay for the house, or to show that her husband really made the contract in her behalf as her agent. *Bliss v. Patten,* 5 R. I., 376; *Barto's Appeal,* 55 Pa. St., 386; *Fetter v. Wilson,* 12 Ill., 90; *Hughes v. Peters,* 1 Coldw. (Tenn.), 66;

*Jones v. Walker,* 63 N. Y., 612; Kneeland on Mechanics' Liens, § 33. Although the above cases were decided upon statutes differing somewhat from ours, yet they contain general doctrine which goes to support the views above expressed.

II. The learned counsel for the plaintiffs relies somewhat upon sec. 1, ch. 176, Laws of 1869, as sustaining the lien judgment against the appellant. The section, which amends ch. 153, R. S., is as follows: "In all actions which shall hereafter be commenced, and in all actions which have been commenced and are now pending, to enforce a lien under the provisions of this chapter, when it shall appear on the trial that the party defendant is not the owner of the premises against which a lien is claimed, but that the premises are owned either by the husband or wife of the defendant, the plaintiff shall be allowed to amend his complaint, and also his petition for a lien, by making the party claiming to own the premises; a party defendant, and, in case a continuance of said cause is necessary in consequence of said amendment, it shall be continued without costs to the plaintiff." Tay. Stats., 1766, § 15.

This statute does not enact in terms that a lien may be enforced against the property of a wife for a debt contracted by her husband alone in the erection of a building upon such property; and it seems incredible that the legislature which enacted it, intended any such thing. The statute operates both ways. By its terms, it applies to a case where the lien suit is brought originally against the wife, and it is developed on the trial that her husband owns the premises improved, as well as to a case in which the conditions are reversed, the husband being the original defendant, and the wife the owner of the premises. If it gives a lien against the property of the wife in the one case, then it gives a lien against the property of the husband in the other case. If, under the statute, a husband may subject the property of his wife to a lien for a debt

contracted by himself, then the wife may, under the same statute, subject his property to a like lien for a debt contracted by her without his authority or consent. Before we can hold that either husband or wife has such power over the estate of the other, we must find the power expressly and clearly given by law. Whether the legislature has authority to enact such a law, it is unnecessary here to determine.

The safer and better construction of the statute under consideration is, that it was merely intended to regulate the practice in the cases therein mentioned, to the end that, if the husband or wife, owning the property affected by the lien suit, is not made a party defendant in the first instance. such owner may be brought in without costs to the plaintiff, and the question of the liability of his or her property to be charged with the lien determined in that suit. We think the same facts must. be proved to establish the liability of the property to be charged with the lien, as were necessary to be proved before the statute was enacted.

It follows from the foregoing views, that the complaint does not support the judgment against the appellant. The portion of the judgment appealed from must, therefore, be reversed, and the cause must be remanded for further proceedings according to law.

RYAN, C. J. The provision for mechanics' liens appears to work an innovation upon the statute of frauds, by giving an interest in realty by parol contract. Perhaps, too, it operates to give the lien upon such a contract made by an agent upon parol authority. If this be so, such power of such an agent is a dangerous deviation from the policy of the statute of frauds, and should be jealously watched. Parol agency to charge a principal's realty ought to be express, and clearly established. It seems to me that it would be unsafe to charge the realty of one upon implied agency of another.

Late cases carry the doctrine of agency of husband and wife

for each other quite as far as it is safe to go. ' It certainly ought not to be extended. I should be very reluctant to charge the wife's realty for the husband's acts as her agent, upon parol authority, express or implied.

Generally when an agent makes a contract in his own name, his principal may be held upon it, upon parol proof that the contract was made for the principal. *Weston v. McMillan*, 42 Wis., 567. I think it would be dangerous to apply this rule to the husband's contract in his own name, to charge the separate estate of the wife, as his principal.

Be this as it may, the rule is limited by the relation of principal and agent. In other cases, the general rule excludes implied contracts where express contracts appear. There appear to be cases in which the law implies contracts not really presumed to have been actually made. These commonly go upon existing legal obligations, as implied promises to pay foreign judgments. But generally the law does not make contracts for parties, but only enforces contracts which they make for themselves. Lord HOLT said " that the notion of promises in law was a metaphysical notion, for the law makes no promise, but where there is a promise of the party." *Starke v. Cheeseman*, 1 Ld. Raymond, 538. Mr. Chitty appears to adopt this view, and adds that, " perhaps, after all, the chief distinction between an express and an implied contract is in the mode of substantiating it." 1 Chitty's Contr., 79. The law; for instance, generally implies, without positive proof, that one has promised to pay for services which he accepts, or for goods which he receives, *quantum valebant*, according to general usage. But the law will imply such a promise, only upon a reasonable presumption of fact that it was verbally or tacitly made. When the service appears to have been gratuitous, or the goods a gift, the law will not imply a promise to pay for them, because there is no reasonable presumption that a promise was made. So, if it appear that the service was rendered, or the goods delivered, upon the

express promise of another to pay for them, the law will not generally imply such a promise by him who receives them. "Promises in law exist only in the absence of express promises." 1 Chitty, 89. "Where there is an express promise, the law does not raise an implied one in reference to the same matter; for *expressum facit cessare tacitum.*" 2 Stephen's Com., 112. "The law will not imply a promise where there was an express promise." PARSONS, C. J., in *Whiting v. Sullivan,* 7 Mass., 107.

It is said in *Wheeler v. Hall,* 41 Wis., 447, that "if one accepts, or knowingly avails himself of, services done for him without his authority or request, he should be held to pay for them." This is, perhaps, not inaccurate in itself; but it is applied to the case of one benefited by services rendered upon the express contract of another. "Lucy would have been liable personally to the plaintiff for his work, even though James had employed the plaintiff without her knowledge." This proposition, of the liability of one for work done upon the express contract of another, appears to be an unfortunate misconception of the text of Mr. Chitty, cited to support it, and dangerous doctrine in itself. There were other grounds to support the judgment in *Wheeler v. Hall.* But it seems to me very unfortunate that the opinion appears to hold that, if the work were done upon the express contract of the brother, as principal, not as the sister's agent, his contract would bind her personally, and charge her realty for his personal debt, because she was benefited by it. One may well build upon the land of another, to discharge a debt, or voluntarily, by way of gift, or for some advantage of his own, or by mistake of title. But in either case, when this is done by express contract, to which the owner of the land is not a party, neither he nor his land will be charged by the contract, though he derive benefit from it. *Davis v. School District,* 24 Me., 349; *Wells v. Banister,* 4 Mass., 514. One may well gain by the contract of another, to which he is not a party; but

the law will not imply his promise to pay for this gain which comes incidentally to him.

*By the Court.* — Judgment reversed, and cause remanded for further proceedings according to law.