RATHMANN, Respondent, vs. SCHWANZ, Appellant.

*December 4, 1919—January 13, 1920.*

*Sales: Parol evidence to show who is party to contract: Undisclosed principal: Attachment: Dismissal of principal action: Appeal from judgment in original action: Civil court of Milwaukee county: Maintenance.*

1. A judgment of the civil court of Milwaukee county in dismissing the principal action commenced by plaintiff to recover

damages for breach of contract included a determination of the issues in the attachment proceedings, and plaintiff's appeal from the judgment carried the attachment proceeding to the circuit court with the principal action.

2. The negotiations and conversations between the parties leading up to and including the making of a written contract are not admissible evidence to contradict and vary it, where the writing plainly purports to contain the entire contract, in the absence of accident, fraud, or mistake of fact.

3. If a writing is signed by a person who in fact acts as agent for another in executing the agreement, it may be shown by parol that it was signed for the undisclosed principal.

4. Where a contract of sale of a motor truck was signed by plaintiff as agent for a truck company, the court properly rejected an offer to show by parol that plaintiff was in fact the contracting party.

5. Where the complaint in a principal action is properly dismissed, the attachment proceedings necessarily fall with it.

6. In an action for breach of a contract to purchase a motor truck, the court properly refused to dismiss an answer and counterclaim for money paid plaintiff, although another truck company, when selling defendant a truck, "agreed to assume the responsibility should any trouble arise from the cancellation of" plaintiff's order and furnished counsel to defend plaintiff's action, there being no showing of a wrongful supporting and officious intermeddling in the suit.

APPEAL from an order of the circuit court for Milwaukee county: W. B. QUINLAN, Judge. *Reversed.*

The appeal is from an order reversing a judgment of the civil court of Milwaukee county and directing a new trial in the circuit court.

Two trials were had in the civil court, one on the traverse in the attachment proceeding and the other of the issues raised by the complaint, answer, counterclaim, and reply thereto.

The action was brought by plaintiff for damages for alleged breach of contract. The plaintiff proceeded by both garnishment and attachment, and the issues presented by the traverse to the attachment were tried before AUGUST E. BRAUN, a judge of the civil court, on October 5, 1917. The issues arising on the trial of the principal action were tried

before JOSEPH E. CORDES, judge of the civil court, on October 26, 1917.

Plaintiff's complaint in the principal action alleges in substance the following: That on August 2, 1917, defendant entered into an agreement with plaintiff for the sale by plaintiff to defendant of a motor truck with equipment; that the purchase price was $3,450, upon which defendant was to receive credit for $700 for four horses, harnesses, and one dump wagon, which were to be turned in by the defendant on the deal; that $100 was to be deposited by defendant with the order, $300 to be paid upon delivery of the truck, and the balance to be paid in twelve equal monthly instalments; that defendant paid the $100 to plaintiff at the time the sale was made; that on August 20, 1917, plaintiff tendered delivery of the truck to defendant, which tender was rejected; that plaintiff, to the knowledge of the defendant, had already made a resale of the horses, harnesses, and dump wagon; that the defendant refused to accept the truck when tendered to him; and that by defendant's breach of contract plaintiff suffered damages in the sum of $900.

Defendant answered denying that he had entered into an agreement with plaintiff for the sale of the truck, and alleges that the agreement for the purchase of the truck was with the plaintiff as the agent of the Available Truck Company of Chicago, Illinois; that the payment of $100 was made to plaintiff, but alleges that this payment was made by defendant to plaintiff as agent of the Available Truck Company, and denies that plaintiff made a resale of the horses, harnesses, and dump wagon. He further alleges that plaintiff had no right to make such a resale; that defendant had no notice of any such resale; that plaintiff suffered no damage; and that plaintiff, subsequent to tendering him the Available truck, sold it at a greater profit than that contracted for by the alleged sale thereof to him; that the Available Truck Company is a foreign corporation and has

not complied with the statutes of this state authorizing it 'to do business in Wisconsin and that any contract between this defendant and the Available Truck Company is void; that one of the terms of the agreement between the parties was the delivery of the truck within ten days after August 2, 1917, and that the truck was not delivered within such time; that on August 8, 1917,'before any offer of delivery of the truck was made, he canceled the order for the truck with the express consent of the plaintiff as agent of the Available Truck Company, and alleges that defendant, relying on this cancellation, entered into an agreement with a third party and bought from such third party a motor truck; that if any agreement existed between the plaintiff and defendant it is void by reason of the statute of frauds.

By way of counterclaim defendant alleges the payment of the sum of $100 to plaintiff and asks for recovery thereof.

Replying to the counterclaim of defendant, plaintiff denies that he was at any time the agent for the Available Truck Company of Chicago, Illinois, and alleges that the agreement referred to by defendant as existing between defendant and a third party is void for the reason that the agreement contained the provision that the third party, the Pauly Motor Truck Company, agrees to hold the defendant harmless from damages or costs of suit which plaintiff might bring against defendant for the breach of contract alleged in the complaint; that the Pauly Motor Truck Company has retained attorneys to appear in this action for the defendant.

Upon the trial of the traverse of the writ of attachment in civil court, the court found that no grounds existed for the issuance of an attachment as alleged by plaintiff at the time the writ was issued, and found that defendant had suffered damages to the amount of $20 by the issuance of the writ of attachment and the attachment of defendant's property, and ordered that the attachment be quashed and

the defendant recover the $20 and his costs and disbursements in the attachment proceeding.

At the close of the trial of the principal action the civil court directed a verdict dismissing the complaint of the plaintiff and awarded damages in favor of the defendant upon his counterclaim in the sum of $100, with costs and disbursements. The civil court on November 6, 1917, entered a judgment in the action awarding defendant a recovery of the $20 damages in the attachment proceeding and the $100 on his counterclaim in the original action, with $35.74 costs. From this judgment an appeal was taken to the circuit court for Milwaukee county, which court entered an order directing a new trial. This is an appeal from such order.

For the appellant there was a brief by *Hennessey & O'Boyle,* attorneys, and *Oliver L. O'Boyle,* of counsel, all of Milwaukee, and oral argument by *Oliver L. O'Boyle.*

*Carl H. Juergens* of Milwaukee, for the respondent.

SIEBECKER, J. The civil court's judgment in dismissing the principal action commenced by plaintiff to recover damages for breach of contract includes a determination of the issues in the attachment proceedings. Plaintiff's appeal from this judgment carried the attachment proceeding to the circuit court with the principal action.

The circuit court granted a new trial in the action upon the record on the ground that the evidence offered by the plaintiff on the trial of the issues in the principal action and on the trial of the issues presented by the special traverse in the attachment proceedings was improperly excluded.

On the trial of the principal action it appeared that the defendant and plaintiff on August 2, 1917, negotiated for a sale of an Available motor truck to defendant at a stipulated price, and fixed the terms of payment of the purchase price. The plaintiff testified that this sale was made by him personally as sole trader in the city of Milwaukee of Available

motor trucks; that he was engaged in buying these trucks from the manufacturer and selling them to customers in Milwaukee; that the sale of the truck to the defendant was a sale by him personally to defendant, and that the written memorandum of the sale in the name of the Available Motor Truck Company to defendant was intended and mutually understood, when he and defendant signed it, to be a contract of sale by him personally to defendant. The defendant testified that when he made the written contract for the purchase of the truck he made it with the plaintiff as agent of the Available Truck Company and that the writing was executed to evidence such purchase. Production of the written memorandum discloses on its face that it is in form a contract between the Available Motor Truck Company of Chicago, Illinois, and defendant, specifying the kind of truck defendant ordered, fixing the purchase price and terms of payment, and specifying certain guaranties, and is signed as follows: "Available Truck Company by *Louis Rathmann*. Approved, ——. Accepted August 2, 1917. By *H. H. Schwanz*." At the foot of the memorandum it stated that to make the contract binding upon the seller it must be approved by the president of the Available Truck Company.

We have examined the evidence and find the trial court is well sustained in its conclusion that there is no evidence to show that there was a subsequent agreement between the parties to this action modifying the terms of this written agreement and that the record does not sustain the circuit court in its conclusion that the trial court erred in its ruling on the admission of evidence. Did the circuit court properly hold that the trial court erred in holding that the oral testimony offered by plaintiff to show that the written memorandum of sale does not embody the contract actually made by plaintiff and defendant for the sale of the truck is properly admissible in this action by plaintiff for a breach of contract for the sale of the truck? There is no dispute

that the writing was in fact executed by the parties, that it shows on its face that it is a contract between the defendant and the Available Truck Company of Chicago. It is an elementary principle of the law that the negotiations and conversations between parties leading up to and including the making of a written contract are not admissible evidence to contradict and vary it, where the writing plainly purports to contain the entire contract, in the absence of accident, fraud, or mistake of fact. 10 Ruling Case Law, p. 1016, § 208. If such a writing is signed by a person who in fact acts as agent for another in executing the agreement, it may be shown by parol that it was signed for the undisclosed principal. Such evidence is not regarded as contradicting the writing. *Stowell v. Eldred,* 39 Wis. 614. "But, on the other hand, to allow evidence to be given that the party who appears on the face of the instrument to be personally a contracting party is not such, would be to allow parol evidence to contradict the written agreement, which cannot be done." *Weston v. McMillan,* 42 Wis. 567.

The contract before us shows on its face that the Available Truck Company of Chicago is the contracting party for the sale of the truck to defendant. The offer to show by parol that plaintiff was in fact the contracting party instead of the Available Truck Company was properly rejected by the trial court upon the ground that it would contradict the writing in question. The record sustains the trial court in holding that the Available Truck Company is the contracting party for the sale of the truck to defendant and that plaintiff has no cause of action for the breach of this contract, and that his complaint must be dismissed. Since plaintiff's complaint in the principal action must be dismissed, it necessarily follows that the attachment proceedings must fall with it, and the judgment of the civil court dismissing the principal action and attachment proceedings must be affirmed on appeal to the circuit court, unless the record shows that the civil court committed re-

versible error on the trial. The circuit court granted a new trial upon the ground that the evidence offered in the principal action to show that the contract signed by defendant for the purchase of the Available motor truck is the contract of plaintiff was competent. As above indicated, this was error. The circuit court was of the opinion that the trial court erred in rejecting the plaintiff's claim that the agreement between defendant and the Pauly Motor Truck Company for the sale of a motor truck to defendant, whereby the Pauly Motor Truck Company "agreed to assume the responsibility, should any trouble arise from the cancellation of Available truck order," showed that the Pauly Motor Truck Company was guilty of wrongfully supporting and officiously intermeddling in this suit and that defendant's counterclaim in this action should be dismissed and his answer stricken. There is nothing to show that the Pauly Company in any respect did anything to stir up strife and quarrels between plaintiff and defendant or to assist and maliciously advise or assist defendant in prosecuting his defenses or his counterclaim in this litigation. We find no basis to sustain the circuit court in its conclusion on this phase of the case. It is considered that the circuit court erred in granting a new trial of the action.

*By the Court.*—The order appealed from is reversed, and the cause remanded to the circuit court with directions to award judgment on the record affirming the judgment of the civil court.