ZBIKOWSKI, Appellant, vs. STRAZ, Respondent.

*December 3, 1940—January 7, 1941.*

*Lyman G. Wheeler* of Milwaukee, for the appellant.

For the respondent there was a brief by *J. Elmer Lehr,* attorney, and *William Kay* of counsel, both of Milwaukee, and oral argument by *Mr. Kay.*

ROSENBERRY, C. J.   In the first complaint in the civil court the plaintiff alleges that on or about the 16th day of December, 1937, the defendant agreed to purchase of the Mills Novelty Company of Chicago, Illinois, a certain automatic phonograph; that the contract between the parties was evidenced by a written agreement by which the defendant agreed to pay $450 for the phonograph and that the title should remain in the seller until the purchase price should be fully paid; that on the 18th day of December, 1937, for a valuable consideration, the Mills Novelty Company duly assigned and transferred the contract to the plaintiff; that no part of the payments have been made except $18.75 and that the balance of the purchase price with interest was then due and owing to the plaintiff.

The defendant answered denying that he had agreed to purchase the phonograph alleging that he had purchased the same from one Sherwood, denied that the Mills Novelty Company ever had any interest in the contract and alleged that the phonograph had been represented to him as a new 1938 machine when, as a matter of fact, it was a 1937 ma-

chine; that the defendant relied upon the representation made and when he discovered it was not true, he refused to pay the balance of the purchase price and tendered the machine back to the plaintiff or whoever was the owner.

The answer was amended, from the allegations of which it appears that the Mills Novelty Company was a foreign corporation not authorized to transact business in the state of Wisconsin; that the defendant had tendered to the said corporation the property referred to in the contract which the defendant alleged was void and defendant denied all liability and counterclaimed for the amount of the payments made by him upon the void contract.

The plaintiff then amended his complaint and alleged that the plaintiff had purchased the machine from the Mills Novelty Company of Chicago; that after he became the owner he employed one Sherwood to find a buyer; that Sherwood made a sale to the defendant; that in reducing to writing the memoranda of the sale, Sherwood used the form of contract of the Mills Novelty Company, which was a printed form, as though the defendant was purchasing the phonograph from the Mills Novelty Company;

"That the defendant executed the said instrument well knowing that he was not buying the said phonograph from the Mills Novelty Company and said Sherwood caused said memorandum of sale to be assigned to the plaintiff, who was then the real owner of said phonograph and the real vendor thereof.

"That the Mills Novelty Company in fact did not have or own the said phonograph or have any interest in its sale to the defendant;"

and replied to defendant's counterclaim.

The civil court found that the phonograph was sold and delivered by Zbikowski and judgment went accordingly. Upon the trial in circuit court the court was of the view that the case was controlled by *Rathmann v. Schwanz* (1920), 170 Wis. 459, 175 N. W. 812, and held:

"Since it is plain from these authorities that parol evidence was inadmissible to permit the Mills Novelty Company to be relieved from liability as a contracting party, and since it is conceded that the Mills Novelty Company is a foreign corporation which has not been authorized to transact business in this state, the contract 'affecting its liability,' the said contract is 'void on its behalf and on behalf of its assigns.' Wis. Stats. 226.02 (9)."

The parts of the contract material here are as follows:

"To Mills Novelty Company, a Corporation,

"Chicago.

"Please ship us the following articles as soon as convenient.

[Description of property.]

"For which we agree to pay $450 F.O.B. Chicago, and we further agree to all the following conditions.

[Then follow the conditions of contract of sale, time of payment, acceleration of payment, reservation of title, etc.]

"This order subject to the written acceptance of the Mills Novelty Company.

"Accepted ...... Witnesses    Name ........ Julius Straz
"Mills Novelty Company        R. H. Sherwood
"By _____    _____
         "Attorney in fact              Salesman"

On the back of this document was the following indorsement:

"Mills Novelty Co.  By R. H. Sherwood Without recourse."

Upon the trial the plaintiff offered evidence tending to show that at the time of the delivery of the phonograph in question he was its owner having purchased it from the Mills Novelty Company.  The circuit court was of the view that the plaintiff could not contradict the terms of the written instrument to the extent of having himself substituted as the seller in place of the Mills Novelty Company.  It is considered that upon the authority of *Rathmann v. Schwanz, supra,* that the circuit court correctly so held.  If the name of Mills Novelty Company was inserted as seller instead of the name

of the plaintiff by mistake, the plaintiff should have sought reformation of the contract on the ground of mutual mistake. However, the defendant testifies that he dealt solely with the Mills Novelty Company. The evidence including the admissions contained in the first complaint tends strongly to support defendant's contention.

In addition to what has been said it is apparent in the face of the contract that it was not a completed contract. Never having been accepted by the Mills Novelty Company, what the plaintiff seeks to do here is by the introduction of oral evidence to take the benefit of a proposal made by the defendant to the Mills Novelty Company and then upon the ground that he was the owner of the property delivered, sue upon the proposal as if it were a completed contract without in any way reforming the proposal which, upon his contention, merely stated the terms of a contract between the plaintiff and the defendant. As the trial court pointed out this is not a case of a mere clerical error or latent ambiguity as illustrated in the case of *Cleveland v. Burnham* (1885), 64 Wis. 347, 354, 25 N. W. 407, and other cases, nor is it a case dealing with an undisclosed principal. See *Stowell v. Eldred* (1876), 39 Wis. 614, 627.

In this case the plaintiff seeks to show by parol evidence that he was the contracting party instead of Mills Novelty Company and to stand upon the contract as so modified. This he cannot do in an action at law on the contract. Plaintiff is not suing for the value of the phonograph but apparently seeks to avail himself of the provisions for acceleration of payments and retention of title in a proposal made to another by showing that he performed. He must first reform the contract if he wishes to recover on it.

*By the Court.*—Judgment appealed from is affirmed.