# WRIGHT vs. HOOD and another.

*April 2 — April 20, 1880.*

LIEN OF MATERIAL MAN:  EVIDENCE.   *Whether materials sold to husband or wife.*

1. In an action to enforce a lien upon real estate which was the separate property of a married woman, for materials procured by her husband and actually used in the improvement of the house, it was in evidence that such materials were charged by plaintiff as part of a running account against the husband, and that bills of such account had been made out against and presented to the husband, and his note demanded therefor; and these bills were then offered in evidence for the defense. *Held,* that their rejection was error.

2. Certain acts and words of the wife, in respect to the admission of workmen into certain rooms of the house to make measurements for contemplated improvements, and in directing teamsters where to leave materials brought to the house — *held,* no evidence tending to show that the husband acted *as her agent* in procuring such materials.

APPEAL from the Circuit Court for *Racine* County.

Action to foreclose a mechanic's lien.   The premises claimed to be subject to the lien were owned by the defendant *Alice A. Hood,* and were occupied by her and her husband, the defendant *Samuel Hood.*   The complaint alleges that materials were furnished and work done upon the premises in pursuance of a contract made by plaintiff with *Samuel Hood* as agent for his wife.   The defendants answered separately, each denying the agency of *Samuel Hood* and alleging that the materials and work were contracted for by him on his own account, and not by the request or with the knowledge of *Alice A. Hood.*

The testimony given on the trial and the instructions to the jury sufficiently appear from the opinion.   A motion for a nonsuit was denied.   There was a verdict for the plaintiff; and from a judgment thereon defendants appealed.

*E. O. Hand,* for appellants.

*Wm. C. White,* for respondent.

ORTON, J. To determine whether the value of the materials procured by the husband, and which went into the improvement of the house belonging to the wife as her separate property, is a lien upon the house, and whether the husband procured such materials as agent and on the credit of the wife, it was very material to inquire to whom such credit was actually given, and concerning the dealings and accounts between the husband and the plaintiff in respect to the same. It was already in evidence that these materials were charged by the plaintiff in a running account against the husband, which contained charges for other things besides these materials, and that bills of such accounts had been made out against the husband and presented to him, and his note demanded therefor. These bills were then offered in evidence, and, upon the objection of the plaintiff's counsel, were ruled out by the court. It is impossible to conceive any reason, sufficient or insufficient, for this ruling. It was palpable and manifest error.

We think the learned circuit judge was clearly correct in this charge to the jury: " I think the proof does not show that an express agency existed, nor do I discover any evidence of the fact that the defendant *Alice Hood* directed the defendant *Samuel Hood* to make the contract, or that she knew at the time he did so that he had made such a contract. But it is claimed on the part of the plaintiff, and evidence has been given to prove it, that subsequent to the making of the contract, and at the time of and after the delivery of the materials, the defendant *Alice*, by her acts and words, ratified the acts of *Samuel Hood*, her husband, in such a manner and to such an extent that the agency of *Samuel* is thereby established." And we also think that the last part of this charge might have been followed by an explicit instruction that there were no such " acts or words " of the wife, *Alice*, proved in this case. But these instructions virtually narrowed the issue submitted to the jury to the mere question of ratification,

and on this question we think there was literally no evidence at all to go to the jury, and the circuit court ought to have granted the nonsuit asked.

The only acts and words of the wife, *Alice*, which are claimed to have the effect of a ratification, were: when the workman of the plaintiff went to the house to make measurements, she was in the kitchen at her work, and said they must not go up stairs yet, but wait a minute, as one of the young ladies was not out of the bedroom; and at another time, when one load of these materials arrived at the house, she told the teamster to leave them outside, but when informed that it might rain, she told her children to carry them in. There is nothing in these simple and common acts and words of the wife, in respect to the common and ordinary conduct of family and household affairs, at all incompatible with her entire exemption from all liability or responsibility in reference to these materials, so contracted for and furnished by and for the husband, although to improve her house, for the use of her family, including her husband. *Lauer et al. v. Bandow*, 43 Wis., 556.

*By the Court.* — The judgment of the circuit court is reversed, with costs, and the cause is remanded for a new trial therein.