HEATH and another, Respondents, vs. SOLLES and another, Appellants.

*December 6 — December 22, 1888.*

*Liens: Materials furnished to one for improvements on land of another.*

Under sec. 3314, R. S., as amended by ch. 349, Laws of 1885, one who furnishes materials for a house which a husband is building on his wife's land with her knowledge and consent, may have a lien therefor upon such land although it was understood that the husband should pay the entire cost of the house.

APPEAL from the Circuit Court for *Juneau* County. The facts are sufficiently stated in the opinion.

For the appellants there was a brief by *Turner & Barney*, and oral argument by *H. W. Barney*. They cited

*Lauer v. Bandow*, 43 Wis. 556, 561; *Engfer v. Roemer*, 71 id. 11; *Smith v. Gill*, 37 Minn. 455; *Jones v. Walker*, 63 N. Y. 612; *Fullerton Lumber Co. v. Osborn*, 72 Iowa, 472; *Flannery v. Rohrmayer*, 46 Conn. 558; *Gilman v. Disbrow*, 45 id. 563.

For the respondents there was a brief by *Duane Mowry*, attorney, and *Winsor & Winsor*, of counsel, and oral argument by *F. Winsor*.

TAYLOR, J.  This action was brought against *Edgar Solles* and *Susan Solles*, by the respondents, to obtain judgment against the appellant *Edgar Solles* for the value of a bill of lumber claimed to have been sold to him by the respondents, to be used, and which was in fact used, by him in constructing a dwelling-house upon the lands of the appellant *Susan Solles*, and to have the amount found due the respondents declared a lien upon the building and lands of said *Susan Solles*. *Susan Solles* was the wife of *Edgar Solles*. On the trial in the circuit court the respondents obtained a personal judgment against *Edgar Solles* for the amount of their claim, and the court adjudged the same a lien upon the lands of said *Susan Solles*, and directed the same to be sold for the payment of the judgment.  Both the defendants appealed to this court.  Since the appeal was taken the said *Susan Solles* died, and her administrator has been substituted as appellant in her place.

On the part of the appellants it is alleged as error that the judgment in favor of the respondents against the appellant *Edgar Solles* is not supported by the evidence.  The controversy on this point is that the appellants claim that the materials sold by the respondents, and which were used in the construction of the dwelling-house in question, were sold to one Benz, and not to said *Solles*.  The evidence clearly shows that as between *Edgar Solles* and Benz, the latter was bound to furnish and pay for all the materials

and perform all the labor in the construction of said dwelling-house; and it is claimed that the evidence establishes the fact that the respondents knew that fact and sold the lumber and materials to the said Benz and not to the said *Edgar Solles*. An examination of the record shows that this claim on the part of the appellants was controverted on the trial by the respondents, and evidence was given on their part showing that the lumber and materials were sold to said *Edgar Solles* and not to said Benz, and that the credit was given by the respondents to said *Edgar Solles* and not to said Benz. This issue was fairly presented to the jury, and they found against the appellants and in favor of the respondents. We are satisfied that the evidence sustains the verdict upon that question, and the verdict and judgment ought not to be reversed because not sustained by evidence.

The appellants also allege as error that the court adjudged that the respondents were entitled to a lien upon the dwelling-house and the forty acres of land upon which it was erected, for the sum so found due to them from the appellant *Edgar Solles*. It is admitted that *Susan Solles*, the wife of *Edgar Solles*, owned the land on which the house was built; that she knew that it was being built by her husband on her land, at the time of its construction, and that she consented that it should be built on her land. She alleges that she consented that it should be built on her land under the following circumstances: Her husband, *Edgar Solles*, had received as pension money about $900, and he proposed to use that money in building a house on her land. He made a contract with one Benz, by which the said Benz was to furnish all the materials and do all the work in the construction of said dwelling-house on her land, the husband to furnish all the money to pay said Benz the amount to become due on his contract. And they claim that *Edgar Solles* has paid said Benz the full amount due on

his said contract. The said *Susan Solles* claims and offered to show that she would not have consented to the building of the house on her land had not her husband agreed to pay all the bills. All offers on the part of the appellants to show that *Susan Solles* did not authorize any lumber or materials to be purchased on her account, or on the credit of her husband, and that she was ignorant of the fact that the lumber was so purchased, were excluded as immaterial. The circuit court held that the only material questions in the case were: *First*, whether in fact *Edgar Solles* purchased the lumber in question of the respondents and was indebted to them therefor; *second*, whether such lumber and materials were used in the construction of said dwelling-house on the premises of the said *Susan Solles; third*, whether said building was erected with the knowledge and consent of said *Susan; fourth*, the amount of the indebtedness; and, *fifth*, whether the respondents had filed a petition for a lien as required by statute. These were the only questions submitted to the jury, and they found in favor of the respondents upon all of them.

In view of the statutes upon the subject, we think the learned circuit judge was right in his view of the case. Previous to the enactment of ch. 349, Laws of 1885, this court had decided that under the statutes of this state relating to mechanics' and other liens, the interest of a person in real estate, not acquired after the lien attached, upon which a building or other improvement was erected or made, could not be sold to satisfy such lien unless the person so interested and owning the same was personally liable for the payment of the debt which was claimed to be a lien. This rule, however, did not apply to the lien of a subcontractor. See *Wheeler v. Hall*, 41 Wis. 447; *Lauer v. Bandow*, 43 Wis. 556; *Dewey v. Fifield*, 2 Wis. 82; *Rees v. Ludington*, 13 Wis. 277, 281. It had also been held by this court that a person having a lien under the statute upon a

building which was so constructed as to become a part of the realty, could not enforce his lien against the building alone, and his lien failed entirely unless the person contracting the debt for the materials or work in the construction of the building had some interest in the lands upon which it was constructed which could be sold on execution against him. *Rees v. Ludington*, 13 Wis. 280; *Schmidt v. Gilson*, 14 Wis. 514; *McCoy v. Quick*, 30 Wis. 521, 529; *Rice v. Hall*, 41 Wis. 453; *Edleman v. Kidd*, 65 Wis. 18. In the statutes of 1878 a lien was given to a person furnishing machinery against the machinery itself, although the person to whom the machinery was sold had no interest in the realty to which it was attached, and authorized the lien claimant to remove the machinery from the premises to which it had been attached. See latter part of sec. 3314, R. S.; *Paige v. Peters*, 70 Wis. 178; *Wilkinson v. Hoffman*, 61 Wis. 637, 638; *Wilson v. Rudd*, 70 Wis. 98.

In 1885 the legislature amended the lien law by adding to said sec. 3314 the following: "And shall also attach to and be a lien upon the real property of any person on whose premises such improvements are made, such owner having knowledge thereof and consenting thereto." So that the section reads, after stating the kinds of buildings, structures, and improvements made upon real property, upon which, for the materials furnished or labor performed in the construction thereof, the persons so furnishing the materials or doing the work may have a lien, as follows: " Such lien shall be prior to any other lien which originates subsequent to the commencement of the construction, repair, removal, or work aforesaid, or upon such dwelling-house, building, machinery, bridge, wharf, or erection thereon, well, fountain, fence, water, lot, or land, *and shall also attach to and be a lien upon the real property of any person on whose premises such improvements are made, such owner having knowledge thereof and consenting thereto, and*

*may be enforced as provided in this chapter.*" Ch. 349, Laws of 1885, was amended by ch. 466, Laws of 1887, which declares that ch. 349, Laws of 1885, " shall not be construed as giving a lien where the relation of landlord and tenant exists, and shall be a lien only upon the piece or parcel of land not exceeding forty acres or one acre respectively as specified in section 3314 of the Revised Statutes and all the acts amendatory thereof."

It is very evident that this statute of 1885 was intended to change the law as theretofore existing in this state, as interpreted by the decisions of this court, by extending the lien of the mechanics and others so as to extend to and cover the interest of persons in the real estate upon which the kind of improvements designated in said sec. 3314, R. S., were made, other than the person or persons incurring debts for making such improvements. Of the right of the legislature to extend the lien as contemplated by said amendment there can be no reasonable doubt. Nor can there be any just cause of complaint by the owner of the real estate upon which the improvement is made. He has the whole benefit of the improvement made, and it is in furtherance of justice and equity that his property, which is presumed to have been enhanced in value by the labor or materials furnished, should pay for them. The amendment is supported on the same grounds that all other liens for work or materials are supported.

The statute seems to us to admit of but one construction, and that is the construction put upon it by the learned circuit judge. If the owner permits a husband or wife, child, parent, or a stranger to erect a building on his or her land, with his or her knowledge and consent, under the clear meaning of the statute his or her interest in the real estate is charged with a lien for the unpaid work or materials. We cannot amend the statute or qualify its language by saying that his or her interest in the land shall not be chargeable with

the lien when it was understood that the person making the improvement was to pay the entire cost thereof. Such a construction would destroy the object of the amendment, and embarrass, rather than aid, the mechanic's material-man and laborer. Under the statute, the only thing the lien claimant has to establish on the trial, when he claims a lien upon the real estate upon which a building is erected by some person other than the owner of the realty, is the fact that the owner knew that the building was being constructed on his or her premises, and that he or she consented to such construction.

There was no dispute as to these facts on the trial in the court below, and the other material issue, viz., whether the lumber was sold to *Edgar Solles* and not to Benz, was found against the appellants upon sufficient evidence.

*By the Court.*— The judgment of the circuit court is affirmed.