Edwards & McCulloch Lumber Co. and others vs. Mosher and others.

Edwards & McCulloch Lumber Company and others, Appellants, vs. Mosher and others, Respondents.

*September 12 — December 11, 1894.*

*Land contract: Vendor's interest subject to mechanic's lien.*

By the terms of a land contract nothing was paid down, but the vendee was required to erect a building at once, and the title to both the building and the land was to remain in the vendor until full payment was made. *Held,* that the vendor was the owner of the premises within the meaning of ch. 349, Laws of 1885, and his interest was subject to liens for labor performed and materials furnished in the erection of such building. WINSLOW J., dissents, being of the opinion that the vendor's claim is a lien and is prior to the liens for labor and materials.

APPEAL from the Circuit Court for *Douglas* County.

Actions to enforce liens for labor and materials. The facts are stated in the opinion. The plaintiffs appeal from the judgment.

*Frederick H. Remington,* for the appellants, argued, among other things, that the *Land & River Improvement Company* is the "owner" of the property within the mean-

ing of sec. 3314, R. S., as amended by ch. 349, Laws of
1885, citing, besides cases cited in the opinion, Bouvier, Law
Dict. tit. OWNER; Phillips, Mech. Liens, §§ 70, 71, 83, 84;
*Dutro v. Wilson,* 4 Ohio St. 102; *Nordyke & M. Co. v.
Hawkeye W. M. Co.* 53 Iowa, 521; *Alley v. Lanier,* 1 Coldw.
540; *Hinckley v. Field's B. & C. Co.* 91 Cal. 136; *Lozo v.
Sutherland,* 38 Mich. 168; *Hilton v. Merrill,* 106 Mass. 528;
*Wisconsin R. L. D. Asso. v. D. F. Comstock L. Co.* 72 id.
464, 467; *Wheaton v. Berg,* 50 Minn. 525; *Wells v. Calnan,*
107 Mass. 514. For cases in other states holding that a
mechanic's lien extends to a vendor's interest, see *Hender-
son v. Connelly,* 123 Ill. 98; *Hill v. Gill,* 40 Minn. 441; *Bohn
Mfg. Co. v. Kountze,* 30 Neb. 719; *Hickey v. Collum,* 47
Minn. 565; *Harlan v. Stufflebeem,* 87 Cal. 508; 1 Warvelle,
Vendors, 209; *Leonard v. Cook,* 20 Atl. Rep. 855; *O'Leary
v. Roe,* 45 Mo. App. 567; *McCue v. Whitwell,* 156 Mass.
205; *Carew v. Stubbs,* 155 id. 549.

For the respondents there were briefs by *F. W. Downer,
Jr.,* and *Spooner, Sanborn & Kerr,* and oral argument by
*A. L. Sanborn.* They contended, *inter alia,* that the vendee
in a land contract is to be regarded as the real owner, and
the vendor merely as holding the title in trust as security
for the purchase price. 1 Warvelle, Vendors, 195, 206;
*Church v. Smith,* 39 Wis. 492; *Northrup v. Trask,* id. 515,
519; *Diggle v. Boulden,* 48 id. 477; *Farber v. Purdy,* 69
Mo. 601; *Sherman v. Savery,* 2 Fed. Rep. 505. If the rule
of *Rees v. Ludington,* 13 Wis. 276, is held to have been
changed by the act of 1885, the result of such ruling will
be far reaching. If the vendor, holding the title as trustee
merely, is to be regarded as an owner, and his interest is
adjudged to be "the real property of a person on whose
premises the improvements are made," then it will neces-
sarily follow that the interest of the reversioner or re-
mainder-man subject to a life estate, the interest of the
ultimate owner in an executory devise, the interest of the

land-owner over whose premises a railroad right of way has been granted, and the interest of the lessor in long leases for years, will be subject to be sold and divested, on the ground that each one of these persons is an owner, much more indeed an owner than the vendor, and if he consents, as in most cases he must be held to do, then the whole estate is liable to be sold through the acts of the owner of the present estate. That the vendor is not the owner, and that his interest is a lien and not subject to subsequent mechanic's liens, see *Hickox v. Greenwood*, 94 Ill. 266; *Campbell and Pharo's Appeal*, 36 Pa. St. 247; *Schuyler v. Hayward*, 67 N. Y. 253; *Hill v. Ressegieu*, 17 Barb. 162, 166; *Fitzhugh v. Maxwell*, 34 Mich. 138; *Champion v. Brown*, 6 Johns. Ch. 402; *Loonie v. Hogan*, 9 N. Y. 435; *Gay v. Brown*, 1 E. D. Smith, 725; *Wis. Planing Mill Co. v. Schuda*, 72 Wis. 277; *Kerrick v. Ruggles*, 78 id. 276; *Williams v. Lane*, 87 id. 152; *Superior Consolidated Land Co. v. Nichols*, 81 Wis. 656, 659; *Long Island B. Co. v. Arnold*, 28 Atl. Rep. 801; *People's S., L. & B. Asso. v. Spears*, 115 Ind. 297; *Getto v. Friend*, 46 Kan. 24; *Meyer Bros. Drug Co. v. Brown*, id. 543.

The following opinion was filed October 2, 1894:

ORTON, C. J. This is a consolidation of mechanics' lien cases and for materials for the erection and repairs of a store building and dwelling house on lots 24 and 25, in block 386, in West Superior, 17th division. The work was performed on said building and the materials furnished for the same in June, July, August, and September, 1891. The actions are brought against *William Mosher*, who had purchased the lots and held a contract for a deed as assignee, with the consideration of $900 wholly unpaid, and interest thereon, and a half of the same past due; and against *Neil Smith*, the assignee of said *Mosher;* and against the *Land & River Improvement Company*, a foreign corporation,

which owned said lots June 1, 1891, and sold the same to
one H. S. Bradford on that day for $900, one fourth pay-
able annually, with interest at eight per cent.; and Brad-
ford sold and assigned his interest in the land contract to
said *Mosher* before the commencement of said building, and
*Mosher* made the contract for the erection and construction
of the same, and was personally liable for the several claims
of the plaintiffs. The conditions of said land contract were
that the said purchaser was to erect on said lots a dwelling
house to cost not less than $900, to be commenced not later
than the 15th day of June, 1891; that all the buildings and
improvements that were then on said lots, or that should
be thereafter erected thereon, should be and remain the
property of said corporation, until the contract was per-
formed, and on default of any payment, or of paying taxes,
or of erecting said building, the agreement to be null and
void, at the option of said corporation, and all payments
made forfeited, and time was made the essence of the con-
tract. The said corporation, in its answer, alleged "that
for the purpose of securing the payment of said sum and
the performance of said condition" it "*retained in itself the
legal title to said premises.*" The plaintiffs claim a lien on
the interest of said corporation in said building and said
lots on which said building stands. The contract for said
building was let, and the work on the same commenced,
immediately on the making of said contract, and the build-
ing was completed on the 6th day of September thereafter.
The plaintiffs obtained judgment of lien on said building
and lots limited to the interest of the said *Mosher* and his
assignee in the premises, and the court refused to render
judgment as against the interest of said corporation in the
same, holding that said payments and the performance of
said conditions are a lien on the premises *prior* to the liens
of the plaintiffs for work, labor, and materials on said
building; and this presents the only question on this appeal.

1. Previous to the enactment of ch. 349, Laws of 1885, and as the law then was, this court had decided that the interest of a person in real estate, not acquired after the mechanic's or other lien attached, upon which a building or other improvement was erected, could not be sold to satisfy such lien unless the person so interested was personally liable for the payment of the debt. *Rees v. Ludington*, 13 Wis. 276; *Wheeler v. Hall*, 41 Wis. 447; *Lauer v. Bandow*, 43 Wis. 556. The statute under which these cases were decided was amended by the above chapter as follows: " And shall also attach to and be a lien upon the real property of any person on whose premises such improvements are made, such owner having knowledge thereof and consenting thereto, and may be enforced as provided in this chapter."

2. Did the said corporation defendant hold such an interest in the premises as to be subject to said liens, within the purview of this amendment? In *Heath v. Solles*, 73 Wis. 217, it was held that this amendment extended the lien of mechanics and others so as to embrace the premises owned by the wife of the defendant who contracted the debt, she having knowledge of and consenting to the improvement made thereon by her husband. The late Mr. Justice TAYLOR uses this language in the opinion: "It is very evident that this statute was intended to change the law as theretofore existing in this state, as interpreted by the decisions of this court, by extending the lien of the mechanics and others *so as to extend and cover the interest of persons in the real estate* upon which the kind of improvements designated in said sec. 3314, R. S., were made, other than the person or persons incurring the debt for making such improvements. . . . Nor can there be any just cause of complaint by the owner of the real estate upon which the improvement is made. He has the whole benefit of the improvement made, and it is in furtherance of justice and equity that his property, which is presumed to have

been enhanced in value by the labor or materials furnished, should pay for them." This language is certainly broad enough to embrace the interest of the defendant corporation in the real estate in question, but as authority it must be limited to embrace only the *full ownership* of the real estate by the wife,— the only and real question in the case. But it would seem to have been the opinion of Mr. Justice TAYLOR that any interest in the real estate owned by a third person might be subject to the lien, if he had knowledge of and consented to the improvement.

The words "the real property of any person" and the word "owner," in the amendment, must mean the same thing. "The word 'land' or 'lands,' and the words 'real estate' and 'real property,' shall be construed to include lands, tenements, and hereditaments, and all rights thereto, and interests therein." R. S. sec. 4971, subd. 9. In such a contract of sale the legal title to the property remains in the vendor. *Minneapolis & St. L. R. Co. v. Wilson,* 25 Minn. 382; 1 Black, Judgm. § 438. The word "owner" does not always mean absolute ownership. *Benjamin v. Wilson,* 34 Minn. 517; *Ombony v. Jones,* 19 N. Y. 234; *Choteau v. Thompson,* 2 Ohio St. 114; *Harman v. Allen,* 11 Ga. 45; *Hooker v. McGlone,* 42 Conn. 95; and other cases in appellants' brief. When the vendor has consented to the purchaser building on the premises, and he has given the purchaser a bond for deed on full payment, his interest in the land is subject to the mechanic's lien. *Davis v. Humphrey,* 112 Mass. 309; *McCue v. Whitwell,* 156 Mass. 205; *Carew v. Stubbs,* 155 Mass. 549. The vendor in such a case continues to be the owner of the land, subject to the equity of redemption in the purchaser, until the purchase money is paid. *Church v. Smith,* 39 Wis. 492; *Hinman v. Hartford F. Ins. Co.* 36 Wis. 159. The purchaser, having a mere equitable title, may also be called the owner. The interest of the purchaser is measured by the part of the

purchase money paid, and that of the vendor by the part of the purchase money unpaid, and they may properly both be called the owner in respect to the mechanic's lien law as in respect to fire insurance. This would seem to be the import of the above case. The vendor in such case may maintain replevin for shingles manufactured from trees cut from the land by the vendee, as the owner of the shingles, and consequently the owner of the land. *Nelson v. Graff*, 12 Fed. Rep. 389. The interest of the vendor, as well as that of the vendee, may be sold under the lien. *Henderson v. Connelly*, 123 Ill. 98; *Hill v. Gill*, 40 Minn. 441; *Harlan v. Stufflebeem*, 87 Cal. 508. There are many other cases cited in appellants' brief. There may be cases in which it has been held otherwise. The vendor certainly holds in such case the title in fee simple, or he could not thereafter convey it to the vendee. A judgment against the vendor is a lien on his interest in the land, and it may be sold. 1 Warv. Vend. 203; 2 Freem. Judgm. § 363; *Kinports v. Boynton*, 120 Pa. St. 306. A judgment is a lien on the "*real property*" of every person against whom it is rendered and docketed. R. S. sec. 2902.

As a matter of course the vendor's interest in the land cannot be sold to satisfy the mechanic's lien unless he had knowledge of and consented to the improvement. But the land contract in this case would seem to make it very clear that the vendor's interest should be subject to the lien, whatever it may be called, in justice and equity, and within the terms of the amendment. (1) Nothing was paid down on the contract. (2) The vendor not only had knowledge of and consented to the building to cost $900, but required it to be built as one of the conditions of the contract. (3) The vendor retains the legal title to the lots, and obtains also the ownership of the building, until the purchase money is fully paid. (4) The vendor was the full and absolute owner of the lots when he contracted for the construction

of this building on them, and thus brings himself within the terms of the statute. (5) The vendor required the erection of the building for his own benefit, and when built it was to belong to him, as well as the lots, as security for the purchase money. What interest remained in the purchaser? He had a mere naked equity of redemption, burdened by the payment of $900 and interest, and the building of a $900 house on the premises. The purchaser had paid nothing down. Was he the owner of the premises, and the vendor not the owner, when the vendor had much the greater interest in it,— in fact, nearly all the interest there was in it? If, to give effect to the lien law, the purchaser under such a contract must be treated as the owner, how much more ought the vendor to be treated as the owner?

It seems to be very clear that the defendant corporation has an interest in or ownership of the lots under this contract of sale that is subject to the plaintiffs' liens, and that it can properly be called the owner of the premises, within the purview of ch. 349, Laws of 1885. In so holding we place great weight upon the peculiar conditions of the contract of sale, and only so construe the statute in special reference to this case.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to render judgments of lien against all of the defendants and their several interests in the premises, and that they may be sold to satisfy the said liens.

PINNEY, J., took no part. WINSLOW, J., dissents. The following opinion was filed October 19, 1894:

WINSLOW, J. I entirely agree with the very lucid opinion filed by the circuit judge in this case. After reviewing the authorities, he comes to the following conclusion: "A conclusion is therefore reached that the claim of the *Land*

*& River Improvement Company* is a lien, within the meaning of sec. 3314, and not real property, as strictly so called; it is a mere claim or debt so far as relates to the purchase money yet unpaid secured by the contract; and that, if such interest was held by an individual, it would be devisable and descendible as personal property in case of the death of the owner, secured, however, by the legal title to the land held in trust, which trust character would follow it. Treating the vendor's claim in the land contract as a lien, there being no controversy but that it originated prior to the commencement of the construction of the building, it is, by the express words of the statute, made superior to the lien claims." This being my opinion, I cannot concur in the reversal of the judgment.

A motion for a rehearing was denied December 11, 1894.