Coorsen and another vs. Ziehl and others.

Coorsen and another, Respondents, vs. Ziehl and wife, Appellants, and Klann, imp., Respondent.

*May 18 — June 2, 1899.*

*Mechanics' liens: Building contracts: Architect's certificate: Condition precedent: Fraud: Evidence: Married women: Judgment.*

1. Parties may contract for the finishing and completion of a building to the satisfaction and acceptance of a designated architect, payments to be made on his certificate, and in that case such a certificate is a condition precedent to the right to sue for the contract price, unless the refusal to certify should be disregarded on ground of fraud or bad faith, or clear evidence of mistake, on the part of the architect, even where the court finds that the contractor has substantially completed the work according to contract and is entitled to his final estimate.

2. The mere fact that some other architect may have thought the contract had been fully carried out does not give rise to an inference of fraud.

3. Contracts for the improvement of a building owned by a wife were made by the husband, without any communication directly or indirectly with her. She was not consulted before the contracts were made and did not sanction or direct the work as it progressed, although she knew of the work during its progress. The husband testified that the wife was ignorant of the work until commenced, and would not dare to tell him to stop anything when he had started it; that he had no authority from her to do the work, but it was done on his own responsibility; and that he did not act or assume to act as her agent. *Held,* that under such circumstances the wife's consent to the work could not be implied from mere silence; and a judgment adjudging a lien on her premises for such improvements and providing for a personal judgment against her for any deficiency was error.

4. Notwithstanding the liberality of modern legislation, married women are somewhat under the dominion and control of their husbands, and such relation must be considered when it is sought to bind the wife's separate property on the ground of ratification by silence.

5. Mere neglect on the part of the wife to advise the parties with whom her husband had contracted for the improvement of her separate estate, as to such ownership, cannot be construed to be the consent contemplated by sec. 3314, R. S. 1878.

6. Where the contract specifies that there shall be no charge for extras unless the price is agreed upon and noted on the contract, no claim therefor should be allowed except on proof that the contract had been complied with in that respect or its terms waived.

7. A personal judgment for deficiency on foreclosure of a mechanic's lien is not warranted unless demanded in the pleadings.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Reversed.*

Plaintiffs bring this action against the defendants *John Ziehl* and wife to foreclose a mechanic's lien for $11.50. The defendant *William Klann* was made a party as a lien claimant. The proof shows that the defendant *Klann* entered into a written contract with the defendant *John Ziehl* to do all the carpenter work and furnish all the materials for the remodeling of a certain building in the city of Milwaukee, situated on lands owned by the defendant *Ottillie Ziehl*, according to plans and specifications made by John Roth, Jr., architect, for the sum of $1,624, payable as the work progressed, upon the certificate of the architect. The contract provided " that there shall be no charge for extra work, except in alteration of the plans, and in that case the price of such alterations are to be agreed upon at the time they are made, and minuted upon this contract; otherwise, not binding either of the parties." It was also further provided that *Klann* should " complete the said work, furnishing in all its several parts, in a good, substantial, and workmanlike manner, to the acceptance of John Roth, Jr., architect, . . ." and, further, " that the said work shall be executed so as to fully carry out the design for said building, as set forth in the specifications or shown on the plans, and according to the true spirit, meaning, and intent thereof, to the full and complete satisfaction of John Roth, Jr., who is hereby declared to be superintendent for said building."

As to the complaint, the defendants *Ziehl* admitted that the plaintiffs delivered some roofing material and did some

work on the building, and that a lien was filed, but denied the other allegations of the complaint. As to the claim of *Klann*, the *Ziehls* set up the written contract, and allege that he failed to complete the building to the acceptance and satisfaction of the architect, setting out the particulars wherein they claimed the building was not finished, and also set up a counterclaim because of failure to cover the roof during the progress of the work, so that rain came in and injured the building.

The case was tried before a referee, who found, as to the plaintiffs' claim, that all the material allegations of the complaint were true, and that there was due from the defendants *John* and *Ottillie Ziehl* the sum of $11.60, and interest from May 27, 1893, and that *Ottillie Ziehl* was the owner of the premises.

As to the *Klann* claim, the referee found that the defendant *John Ziehl* made the contract mentioned for and on behalf of himself and his wife, *Ottillie;* that *Klann* completed the work stipulated in the contract in substantial compliance with the contract, plans, and specifications; that " on the completion of said work, and prior to the commencement of this action," *Klann* " was entitled to a final estimate thereof;" that he had been paid $1,400 on the contract; that *Klann* performed extra work on said building of the reasonable value of $38.92; and that the total amount due from the defendants *John* and *Ottillie* was $262.92, and interest from May 4, 1893. As conclusions of law, the referee found that the plaintiffs and *Klann* were entitled to judgments against both *John* and *Ottillie* for the amounts stated, and a lien upon the building.

Exceptions were duly filed, and motions to confirm and set aside the report were made. The report was confirmed, and judgment entered accordingly. The judgment provides for the entry of a deficiency judgment against both of said defendants. The defendants *Ziehl* appeal from the entered judgment.

Coorsen and another vs. Ziehl and others.

For the appellants there was a brief by *Fiebing & Kil-lilea*, and oral argument by *O. J. Fiebing*.

For the respondents there was a brief by *Andrew J. Clarke*, attorney, and *Edwin F. J. Goldsmith*, of counsel, and oral argument by *Mr. Clarke*.

BARDEEN, J.  As respects the plaintiffs' claim, the testimony is confused and conflicting.  Sufficient appears, however, to warrant the conclusion that the defendant *John Ziehl* ordered the work in controversy done, independent of and some time prior to the performance of the work by plaintiffs under their contract with *Klann*, and thereby became personally responsible therefor.  There is no testimony in the case connecting the defendant *Ottillie Ziehl* in any manner with this claim, but the question of plaintiffs' right to a lien will be disposed of in a subsequent branch of this opinion.

The judgment in favor of the defendant *Klann* cannot be supported either upon the evidence or the findings.  His right of action is based upon a written contract with the defendant *John Ziehl*.  In that contract he agreed to finish and complete the building to the satisfaction and acceptance of the architect.  It was certainly competent for the parties to make this stipulation.  Cases are numerous where contracts of this kind have been sustained, and they all agree that the satisfaction of the architect, and the execution of the certificate by him, becomes and is a condition precedent to the right to sue for the contract price, unless the refusal to certify should be disregarded on the grounds of fraud or bad faith, or clear evidence of mistake, on the part of the architect.  *Hudson v. McCartney*, 33 Wis. 331; *Tetz v. Butterfield*, 54 Wis. 242; *Wendt v. Vogel*, 87 Wis. 462; *Boden v. Maher*, 95 Wis. 65.  And see *Burnham v. Milwaukee*, 100 Wis. 55.

It is true, the referee found that *Klann* substantially completed the work according to the contract, and that "on the

completion of said work, and prior to the commencement of this action, was entitled to a final estimate thereof." It is admitted that he did not have a final certificate from the architect. Such certificate was essential to his recovery, unless it was found that the refusal to certify was so palpably perverse, oppressive, and unjust as to raise an inference of bad faith and dishonesty, or that it was withheld by mistake. If the architect withheld the final certificate fraudulently or by mistake, it was the duty of the referee to so find. But we apprehend he would have found it quite difficult to have sustained such a finding, from the evidence. The architect sets out at length in his testimony why he refused to give a final certificate. He refers to matters which he deems material, and which were considered of sufficient importance to warrant him in withholding his approval of the building. Considerable testimony was put in on both sides on the issue of whether the contract had been completed. The matter was in considerable dispute. The referee evidently thought that the preponderance of the testimony was in favor of *Klann*. But this will not uphold the judgment. The parties saw fit to name Mr. Roth as the arbiter. They submitted the matter to his decision, and his conclusion is final and conclusive, unless impeached as above stated. *Klann* had no right to substitute his own judgment or that of some other person for that of the architect. The mere fact that some other architect may have thought the contract had been fully carried out does not give rise to an inference of fraud. We are satisfied that the circumstances in proof are wholly insufficient to sustain a conclusion that the architect was acting in bad faith. *John Pritzlaff H. Co. v. Berghoefer, ante,* p. 359.

The judgment entered binds the interest of *Mrs. Ziehl* as owner of the building, and also makes her personally responsible for the debts against it. There is absolutely no foundation to sustain this conclusion. Neither plaintiffs nor

defendant *Klann* had any communication, directly or indirectly, with *Mrs. Ziehl.* The contracts were made with the husband, and, so far as the proof shows, the parties relied entirely upon his responsibility. He did not profess to act upon her behalf; nor is there any proof that she knew of the contracts before they were made, or in any way ratified them. The proof is that she was not consulted before the contracts were made and that she did not in any way sanction or direct the work as it progressed. She lived in the building with her husband, and undoubtedly knew of the work as it progressed; and from these facts it is argued that she is brought within the terms of sec. 3314, R. S. 1878, which permits a lien to be enforced upon the real estate of any person on whose premises such improvements are made, "*such owner having knowledge thereof and consenting thereto.*" Counsel rely upon *Heath v. Solles,* 73 Wis. 217; *North v. La Flesh,* 73 Wis. 520; *Edwards & McC. L. Co. v. Mosher,* 88 Wis. 672; and *Bentley v. Adams,* 92 Wis. 386, as sustaining their contention that the wife's interests in the real estate can be bound. But there is a clear distinction between these cases and the case at bar. In each case there was proof of the express consent of the owner to the erection of the building upon which the lien was claimed. Here there is no such proof. The husband testifies that the wife did not know of the work until it was started, and that she would not dare to tell him to stop anything when he started it; that he had no authority from her to do the work, but went on and had it done on his own responsibility, and did not act or assume to act as her agent. Consent cannot be inferred from mere silence, under these circumstances. So far as we are advised, she may have supposed that the work was being done upon the personal credit of her husband. For that reason no element of estoppel can intervene. Not having been consulted as to the improvements, and being under such arbitrary dominion as the evidence shows she

was, she was not bound to have a row with her husband, and order the workmen from the premises, at the risk of having her property incumbered by a lien. Being a married woman, she was not free to act entirely as she pleased. Notwithstanding the liberality of modern legislation, married women are somewhat under the dominion and control of their husbands, and such relation must be considered when it is sought to bind the wife's property on the ground of ratification by silence. See *Ladd v. Hildebrant*, 27 Wis. 135. If the husband had assumed to act in her name or by her authority, and the contractors had had knowledge of circumstances apparently clothing him with such authority, a somewhat different question would be presented; but, no such circumstance appearing, her neglect to advise the parties of her ownership of the property cannot be construed to be the consent contemplated by the statute. See *Huntley v. Holt*, 58 Conn. 445.

The contract provided that there should be no charge for extra work unless the price was agreed upon and noted on the contract. The referee allowed about $39 for extras, but failed to find any agreement therefor, or waiver of this condition of the contract. The contention in this case emphasizes the importance of such a stipulation. No claim for extras should have been allowed, except upon proof that the contract had been complied with in that regard, or that there had been a waiver of its terms. Neither of these conditions appears in the testimony or in the findings.

The judgment provided for a personal judgment against *Mrs. Ziehl* for any deficiency. No judgment for deficiency was warranted against either defendant, because it was not demanded in the complaint or answer of *Klann*, although that might not be reversible error. See sec. 3326, S. & B. Ann. Stats.

Our conclusion is that the plaintiffs are entitled to a personal judgment only against *John Ziehl* for the amount of

their claim, with interest, as demanded, and that the defendant *Klann* is not entitled to recover anything in this action.

*By the Court.*— The judgment of the superior court is reversed, with costs against both the plaintiffs and defendant *William Klann*, and the cause is remanded with directions to enter a personal judgment against the defendant *John Ziehl*, without costs, for the amount of the plaintiffs' claim and interest, in favor of the plaintiffs, and for a judgment in favor of the defendants *John Ziehl* and *Ottillie Ziehl* against the plaintiffs and defendant *William Klann* for costs.