Wambold and another vs. Gehring and another.

WAMBOLD and another, Respondents, vs. GEHRING and another, imp., Appellants.

*January 16 — February 1, 1901.*

*Mechanics' liens: Subcontractors: Sufficiency of notice: Building contract: "Extras:" Waiver.*

1. A subcontractors' notice of a claim for a lien, which complies with all the requirements of sec. 3315, Stats. 1898, is not rendered insufficient by a superfluous statement therein that the owner of the property expressly agreed to become personally responsible to the subcontractors for their work.

2. A stipulation in a building contract that "no extras will be allowed unless ordered by the owner in writing," is waived by the owner requesting a subcontractor to do certain extra work and personally supervising it during its progress.

APPEAL from a judgment of the circuit court for Winnebago county: GEORGE W. BURNELL, Circuit Judge. *Affirmed.*

The defendant *William Gehring* was the owner of a building upon which he desired certain repairs to be made. In the month of August, 1896, he entered into a contract with Louis Weber to do such work. The specifications provided, among other things, that "no extras will be allowed unless ordered by the owner in writing." One item of the work let to Weber was a job of plumbing, gas fitting, etc. Weber sublet the contract to do this work to W. D. Ferguson & Co. for $275. Soon after beginning the work, the latter firm dissolved, and the plaintiffs succeeded to its assets and privileges, including the contract with Weber. The plaintiffs finished and completed said work, and at the same time, at the request of *Gehring*, performed extra work. Within the time required by law the plaintiffs served a notice upon *Gehring* of their subcontractors' lien, under sec. 3315, Stats. 1898. The sufficiency of this notice is challenged. It contained a description of the property, set out the contract between Weber and Ferguson & Co., and plaintiffs' succes-

Wambold and another vs. Gehring and another.

sion to the rights of that firm, and a completion of the work. It also stated that *Gehring* agreed to pay Ferguson & Co. for the work done under the original contract, and claimed a lien for a balance due of $320.02, according to a bill of particulars attached. This bill set out the amount due on the original contract, and a claim for extra work, consisting of a large number of items. The amount not being paid, plaintiffs began this action to enforce their lien. The defendants *Gehring* answered, setting up a counterclaim for inferior work and materials.

The case was tried by a referee, who made findings for plaintiffs. He found a performance of the original contract, but deducted all payments therefrom, and, in addition, the sum of $45 for defective work and materials, leaving a balance due plaintiffs of $105. He also found that plaintiffs performed extra work at *Gehring's* request, amounting to $104.54. Upon due exceptions the case was brought before the circuit court. A full hearing was had, and in a written opinion of some length the court affirmed the findings of the referee. The defendants *Gehring* bring this appeal.

*Humphrey Pierce*, for the appellants.

*J. C. Kerwin*, for the respondents.

BARDEEN, J. The objections to the sufficiency of the notice served by the plaintiffs, urged by the defendants, are purely technical, and are entitled to but little weight. The notice, in addition to a statement of the contract between Weber and Ferguson & Co., and plaintiffs' succession to the latter's rights, states that the defendant *William Gehring* expressly agreed to become personally responsible for the price of such work. It is difficult to see how defendants could have been prejudiced or misled by that statement. This is a suit in equity. The substantial questions were: Were plaintiffs employed by Weber? Was the work done? and How much is the amount due? The notice served amply

Wambold and another vs. Gehring and another.

met all the requirements of the statute, and the fact that superfluous matters were included therein did not injure the defendants in the slightest degree. Nor are we able to discover any fatal defect in the petition for a lien. It is unnecessary to review it at length. We have considered all the objections urged by defendants, and by reference to the petition printed at length in the supplemental case we are satisfied that the trial court arrived at a correct conclusion.

A further contention is that the evidence does not support the conclusion as to extra work. Certainly, there is evidence tending in that direction. It may not be overwhelming or so absolutely convincing as to leave no possible doubt of the fact. Still if the question were open and free from original decision, we should incline towards the conclusion reached by the referee and trial court. The provisions in the contract regarding extra work were binding upon the parties, but might be varied, waived, or disregarded by them. It is virtually conceded that the plans and specifications did not include the soft-water tank or the sheet-lead fittings, which were the items allowed by the referee. The defendant was informed that such was the case. He then told the plumber to go ahead and put them in, and advised with reference to the work while it was being done. The referee found that this work had nothing to do with the contract with Weber, but was ordered done by the defendant. The stipulation in the contract regarding extra work would not prevent plaintiffs from making a new and independent agreement with defendant for work outside of the contract. A personal request by defendant that plaintiffs do this work, and his personal supervision of it during its progress, is a clear waiver of the terms of the original contract, and distinguishes this case from *Coorsen v. Ziehl*, 103 Wis. 381.

The other objections urged are not considered of sufficient importance to require discussion in detail.

*By the Court.*— Judgment is affirmed.