CLARK, Appellant, vs. NORTH, Respondent.

*April 12—April 30, 1907.*

*Mechanics' liens: "Consent" of landowner to improvements.*

Plaintiff drilled a well on defendant's land at the request of one R., who paid for the work but not for the casing or tubing furnished by plaintiff. Before starting the work plaintiff asked defendant who was to pay for the casing, and defendant told him that R. was to furnish the well complete, and that he (defendant) would not pay for anything in connection with it. *Held*, that defendant did not *consent* to the improvement, within the meaning of sec. 3314, Stats. (1898), so as to give plaintiff a right to a lien on the land for the materials furnished.

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This is an action to enforce a mechanic's lien upon the lands described for 245 feet of casing or tubing, of the reasonable value of sixty cents per foot, put into a well drilled by the plaintiff thereon between March 20, 1906, and April 13, 1906. The complaint, among other things essential in such cases, alleges, in effect, that prior to March 20, 1906, the defendant entered into an optional contract with one Rodgers, whereby the defendant optioned the lands therein described to Rodgers on condition that Rodgers would drill a hole thereon at a place chosen by the defendant at his own expense; that the plaintiff went to the premises of the defendant with machinery to do the work and so informed the defendant, and that Rodgers would not pay for the casing or tubing, whereupon the defendant agreed to pay the same and located the place where he desired the well to be located. The answer admits that the defendant was the owner of the premises, but otherwise denies each and every allegation of the complaint.

At the close of the trial the court found as matters of fact, in effect: (1) That the defendant is the owner of the forty acres of land described and has been during all the times therein mentioned; (2) that between March 20 and April 13, 1906, the plaintiff drilled a well upon the land described; (3) that such well was drilled upon the order of one William C. Rodgers, who paid the plaintiff for drilling the same, but that neither said Rodgers nor any other person has paid the plaintiff for the tubing placed in the well so drilled by the plaintiff, and that such tubing is reasonably worth $147; (4) that when the plaintiff went to drill the well he told the defendant that Rodgers had sent him to drill the well, and asked the defendant who was to pay for the casing; that the defendant then told the plaintiff that Rodgers was to furnish the well complete and that the defendant would not pay for

anything in connection with the well; (5) that after such conversation the plaintiff drilled the well in question at the place designated by the defendant; (6) that the plaintiff duly filed his claim for lien, as required by law, May 21, 1906. As conclusions of law the court found, in effect, that the plaintiff has no cause of action, that the lands described be discharged from such lien and claim of lien, and that the defendant have and recover his costs and disbursements in this action, to be taxed according to law, and ordered judgment to be entered accordingly. From the judgment so entered dismissing the complaint the plaintiff appeals.

For the appellant the cause was submitted on the brief of *Grotophorst, Evans & Thomas.* They contended, *inter alia,* that there is a vital distinction between such consent as would make defendant liable for the tubing and the consent which would subject the land to a lien for the improvement. The fifth finding of the trial court, that after the conversation respecting payment for the tubing "plaintiff drilled the well in question *at the place designated by the defendant,*" shows that there was both knowledge and consent by defendant. *Lentz v. Eimermann,* 119 Wis. 492; *Edwards & M. L. Co. v. Mosher,* 88 Wis. 672; *Bentley v. Adams,* 92 Wis. 386; *Coorsen v. Ziehl,* 103 Wis. 381; *Van Horn v. Van Dyke,* 96 Wis. 30; *Heath v. Solles,* 73 Wis. 217; *North v. La Flesh,* 73 Wis. 520.

For the respondent there was a brief by *Dithmar & Carow,* and oral argument by *J. W. Carow.*

CASSODAY, C. J.   Undoubtedly the statute gives to every person who performs any work or labor or furnishes any material in digging a well a lien upon the interest of the owner of any such structure, "or of the interest of the person causing such work or labor to be done, or such materials . . . to be furnished, in and to the land upon which the same is situated, not exceeding forty acres," and also pro-

vides that "such lien . . . shall also attach to and be a lien upon the real property of any person upon whose premises such improvements are made, *such owner having knowledge thereof and consenting thereto,* and may be enforced as provided" therein.   Sec. 3314, Stats. (1898).   This last provision was incorporated into the section by the amendment of 1885 (ch. 349).

The important question in the case is whether upon the facts in the record the plaintiff is entitled to a lien by virtue of that amendment.   Seven years prior to that enactment it was held by this court that no lien could be enforced for a building erected on the land of a married woman, under a contract with her husband in his own name and not as her agent, notwithstanding the building was so constructed "with the full knowledge, consent, and approbation" of the wife, who daily viewed and inspected the work while in process of construction.   This was on the ground that there was no personal liability of the wife.   *Lauer v. Bandow,* 43 Wis. 556.   Such ruling was followed by other cases to the same effect.   *Leismann v. Lovely,* 45 Wis. 420; *Wright v. Hood,* 49 Wis. 235, 5 N. W. 488; *Challoner v. Bouck,* 56 Wis. 652, 656, 14 N. W. 810; *Engfer v. Roemer,* 71 Wis. 11, 15, 36 N. W. 618; *Heath v. Solles,* 73 Wis. 217, 222, 40 N. W. 804, 806.   This last case was decided three years after the amendment, and it is therein stated, in the opinion of Mr. Justice TAYLOR, that the amendment "was intended to change the law as theretofore existing in this state, as interpreted by the decisions of this court."   It is there further said:

"If the owner permits a husband or wife, child, parent, or a stranger to erect a building on his or her land, with his or her knowledge and consent, under the clear meaning of the statute his or her interest in the real estate is charged with a lien for the unpaid work or materials."   To the same effect: *North v. La Flesh,* 73 Wis. 520, 529, 41 N. W. 633; *Edwards & M. L. Co. v. Mosher,* 88 Wis. 672, 676, 60 N. W. 264.

In a later case it was held, in effect, that where the contract for the improvement of a building owned by a wife was made by the husband in his own name and not as agent, without any communication directly or indirectly with the wife, her consent to do the work could not be implied from mere silence; that her mere neglect to advise the contractors of her ownership of the property could not be construed to be the consent contemplated in the statute. *Coorsen v. Ziehl,* 103 Wis. 381, 386, 79 N. W. 562. In that case Mr. Justice BARDEEN, among other things, said:

"The proof is that she [the wife] was not consulted before the contracts were made, and that she did not in any way sanction or direct the work as it progressed. She lived in the building with her husband, and undoubtedly knew of the work as it progressed, and from these facts it is argued that she is brought within the terms of sec. 3314."

He then cites cases relied upon by counsel to support such arguments, and above cited. The court continues:

"But there is a clear distinction between these cases and the case at bar. In each case there was proof of the *express consent* of the owner to the erection of the building upon which the lien was claimed. Here there is no such proof. . . . Consent cannot be inferred from mere silence, under these circumstances."

In the case at bar the well was drilled by the plaintiff pursuant to an agreement with one Rodgers, who paid him therefor except for the tubing here sought to be collected, as mentioned in the foregoing statement. The complaint alleges that the well was drilled "at the special instance and request of the defendant," but there is no evidence tending to show any contract relation between the plaintiff and defendant. On the contrary it is established, and in fact undisputed, that when the plaintiff told the defendant that Rodgers had sent him there to drill the well the defendant told him "that Mr. Rodgers was to furnish the well complete and that the defendant would not pay for anything in connection with the well."

The plaintiff had no contract relations with any one except Rodgers, and the defendant had no contract relations with any one except Rodgers.  He is not attempting to enforce any lien, and the plaintiff is not attempting to enforce any subcontractor's lien.  It is in effect conceded that the defendant had knowledge that the well was being drilled at the time it was being constructed.  The controversy is whether the defendant consented to such construction within the meaning of the statute quoted.  The word "consent" is defined to be the "voluntary allowance or acceptance of what is done or proposed to be done by another.  In law—intelligent concurrence in a contract or an agreement of such a nature as to bind the party consenting; agreement upon the same thing in the same sense."  Century Dict.  Numerous adjudications might be cited in harmony with such definitions.  2 Words & Phrases, 1437, 1438.

Two instructive cases are cited by counsel for the defendant.  One was under a statute giving a lien in favor of any person erecting any building upon the land of another "by virtue of an agreement with or consent of the owner of the land upon which such building is erected."  A husband contracted in his own name for the construction of two houses on the land of his wife, who had previously consented to such erection on the promise of the husband that he would pay for them, she not supposing that her land was liable to a lien therefor, but saw the buildings being erected and made no objection, and gave no notice to the builder that the land was hers, and the builder did not know that the title was in the wife; and it was "held not to constitute a consent of the wife, within the meaning of the statute."  *Huntley v. Holt,* 58 Conn. 445, 449, 20 Atl. 469, 470.  ANDREWS, C. J., speaking for the court, there said:

"Consent means the unity of opinion; the accord of minds; to think alike; to be of one mind.  Consent involves the presence of two or more persons, for without at least two persons

there cannot be a unity of opinion, or an accord of minds, or any thinking alike. When the statute uses the words 'by the consent of the owner of the land,' it means that the person rendering the service or furnishing the materials and the owner of the land on which the building stands must be of one mind in respect to it."

The other case was under a statute giving a lien for improvements made "with the consent of the owner," and the court said:

"Mere acquiescence in the erection or alteration, with knowledge, is not sufficient evidence of the consent which the statute requires. There must be something more. Consent is not a vacant or neutral attitude in respect of a question of such material interest to the property owner. It is affirmative in its nature. It should not be implied contrary to the obvious truth, unless upon equitable principles the owner should be estopped from asserting the truth." *De Klyn v. Gould,* 165 N. Y. 287, 59 N. E. 97.

Certainly, the plaintiff and defendant were not of one mind as to who should pay for the tubing of the well. The same is true as to the defendant and Rodgers. According to the evidence and the findings of the court the only consent the defendant ever gave to Rodgers or the plaintiff was on condition that the well should be furnished complete without any expense or payment on the part of the defendant. Such conditional consent was in effect a protest against the construction of the well at the expense of the defendant in whole or in part. There was in effect a waiver of any supposed lien. *Davis v. La Crosse H. Asso.* 121 Wis. 579, 99 N. W. 351.

What has been said covers all the questions calling for consideration.

*By the Court.*—The judgment of the circuit court is affirmed.