Scheiner and others, Respondents, vs. Arnold, imp., Appellant.

*April 5—April 26, 1910.*

*Partition: Reimbursement of tenant in common for improvements, etc.: Pleading: Counterclaim: Husband and wife.*

1. In an action for partition of land the claim of a defendant for reimbursement, out of the proceeds of a sale of the premises, for moneys expended by him as a tenant in common in making permanent improvements enhancing the value of the land and in discharging a mortgage thereon, is pleadable as a counterclaim.

2. One who paid off a mortgage on his wife's land and expended moneys in permanent improvements thereon during her life under the mistaken impression that he was a joint owner has no claim legal or equitable to reimbursement which can be allowed in an action for partition of the land among the heirs of the wife, in the absence of any agreement that he was to be reimbursed or of facts showing that he was to be subrogated to the rights of the mortgagee.

Appeal from an order of the circuit court for Milwaukee county: Warren D. Tarrant, Circuit Judge. *Affirmed.*

This action was brought for partition of the lands described

in the complaint. The complaint is in the usual form and alleges that on the 18th day of March, 1908, Agnes Arnold, formerly Wiesner, being the owner in fee of the real property described in the complaint, died intestate; that said Agnes Arnold left her surviving *John C. Arnold,* her husband, one of the defendants, Charles Strellmann, Jacob Scheiner, William Wiesner, and Harry Wiesner, her sons, and James P. Scheiner, *Flora A. Scheiner,* and *Ethel I. Scheiner,* the only children and heirs at law of Joseph Scheiner, deceased, who was a son of said Agnes Arnold and who died prior to the death of said Agnes Arnold; that said Agnes Arnold never had children by the said *John C. Arnold* and that he is not entitled to any estate by the curtesy as such husband; that said premises descended to said parties to this action, excepting only the said *John C. Arnold,* in the following proportions, to wit: to said *Flora A. Scheiner, Ethel I. Scheiner,* and James P. Scheiner, and to each of them, an undivided one-fifteenth interest therein, and to the said Charles Strellmann, Jacob Scheiner, William Wiesner, and Harry Wiesner, and to each of them, an undivided one-fifth interest therein; that on or about the 21st day of March, 1908, said William Wiesner and Harry Wiesner conveyed to *John C. Arnold* an undivided one-half of their right, title, and interest in said premises, which deed was recorded on the 23d day of March, 1908, in the office of the register of deeds for Milwaukee county, in volume 525 on page 524; that the parties to this action have the following undivided estates in said premises: *Flora A. Scheiner, Ethel I. Scheiner,* and James P. Scheiner, and each of them, an undivided one-fifteenth in fee; Charles Strellmann, Jacob Scheiner, and *John C. Arnold,* and each of them, an undivided one-fifth in fee; William Wiesner and Harry Wiesner, and each of them, an undivided one-tenth in fee; Emma Strellmann, Amelia Scheiner, and Julia Arnold, and each of them, an inchoate right of dower in the undivided one-fifth interest owned by their respective husbands; that the plaint-

iffs, and each of them, are desirous of partition of the premises; that the lands described in the complaint are all the lands in the city of Milwaukee in which the parties to this action have any interest either jointly or in common, and that no other persons have any interest or estate in said lands; that during the time plaintiffs and defendants have owned the premises the defendant *John C. Arnold* has occupied the premises and utilized the same as a home and for the purpose of conducting a gardener's and florist's business thereon; that said *John C. Arnold* has not paid any rent for the use of said premises since March 18, 1908, although demand therefor was made, and that said defendant *Arnold* still fails, neglects, and refuses to pay rent.

The prayer is for partition of the premises according to the rights of the parties interested, and for a sale if it appears that partition cannot be made without prejudice to the owners; that the proceeds of sale be brought into court and divided among the parties according to their respective rights; that the reasonable value of the use and enjoyment of the land by said *John C. Arnold* be assessed and determined, and that said *John C. Arnold* be compelled to pay reasonable rental for the use and occupation; that judgment therefor be rendered against *John C. Arnold* in favor of the other parties as their rights may appear; and for general relief.

The defendant *John C. Arnold* answered admitting that Agnes Arnold, formerly Wiesner, died intestate on or about the 18th day of March, 1907, and at the time of her death was the owner in fee of the real property described in the complaint; that Agnes Arnold left her surviving *John C. Arnold,* her husband, Charles Strellmann, Jacob Scheiner, William Wiesner, and Harry Wiesner, her sons, and that one Joseph Scheiner was also a son of said Agnes Arnold, deceased, but that defendant had no knowledge as to the death of Joseph Scheiner prior to the death of said Agnes Arnold, therefore denies the same; also admits that

Agnes Arnold never had any children by defendant *John C. Arnold;* admits that on the 21st day of March, 1908, William Wiesner and Harry Wiesner conveyed to defendant *John C. Arnold* an undivided one-half of their interest in the premises described in the complaint; admits that Emma Strellmann is the wife of Charles Strellmann; that Amelia Scheiner is the wife of Jacob Scheiner, and Julia Arnold the wife of defendant *John C. Arnold;* and that since March 18, 1908, he has occupied the premises described in the complaint, and denies the allegations in the complaint not specifically admitted. The answering defendant, *John C. Arnold,* sets up a counterclaim as follows:

"For a further and separate answer to said plaintiffs' complaint, and by way of counterclaim, the defendant *John C. Arnold* shows and affirmatively alleges each and every fact hereinbefore admitted in his answer. This defendant further shows that the deceased Agnes Arnold, formerly Wiesner, became the owner and was in possession of the real estate described in the complaint in this action, and remained in possession until about the 18th day of March, 1908, when she died. The defendant further alleges and shows that he and said Agnes Arnold intermarried at Milwaukee, Wisconsin, on the 9th day of March, A. D. 1893, and as husband and wife lived on the premises described in the complaint herein, and that this defendant, during the occupancy of said property by himself and Agnes Arnold, his wife, engaged in and conducted a gardener and florist business and made certain improvements and additions on said premises, under the impression that he and his wife, the said Agnes Arnold, were joint owners of said premises, and during all of said years has paid all taxes and assessments levied on said property; that said Agnes Arnold, before her marriage with this defendant, to wit, on the 23d day of May, 1891, executed a mortgage of $2,176 on said property, and that ever since his marriage with said Agnes Arnold this defendant has paid the interest on said mortgage, and on the 11th day of June, A. D. 1907, paid said mortgage in full to the mortgagee; that said improvements, additions, and other expenditures were made during the lifetime of said Agnes Arnold, and amounted to

the sum of about thirteen thousand five hundred ($13,500) dollars, which amount this defendant advanced and paid; that by reason of the making of said improvements and additions by this defendant the said premises described in the complaint and herein referred to have been enhanced in value, greatly in excess of the amount advanced and expended by this defendant in making said improvements and additions; that said Agnes Arnold, deceased, did not contribute to the expenditures made by this defendant as aforesaid in any manner, and that said entire amount was advanced and paid by this defendant out of his own earnings and means; and that in justice and equity the said amount so expended should be declared a lien upon the right, title, and interests of the plaintiffs in proportion to their interest in the estate, and allowed to this defendant out of the proceeds of the sale of the premises in the complaint described, if the same be sold, together with his costs and expenses."

The plaintiffs and each of them demurred to the counterclaim for the following reasons: (1) For want of facts sufficient to constitute a cause of action; (2) because the cause of action sought to be stated is not pleadable as a counterclaim. The court sustained the demurrer and allowed the defendant to amend within twenty days upon payment of $10 costs. The defendant *John C. Arnold* appealed from the order.

The cause was submitted for the appellant on the brief of *Julius E. Roehr,* attorney, and *C. Steinmetz, Jr.,* of counsel, and for the respondents on that of *Henry E. Foelske.*

KERWIN, J. Two grounds of demurrer are stated: (1) Want of facts sufficient to constitute a cause of action; and (2) that the alleged counterclaim is not pleadable as a counterclaim. Referring first to the latter ground, the majority of the members of the court are of opinion that if sufficient facts were stated showing that the defendant *John C. Arnold* was entitled to relief by virtue of a claim as tenant in common, such counterclaim could be pleaded in the action. *Ward v. Ward's Heirs,* 40 W. Va. 611, 21 S. E. 746, 29 L. R. A. 456, and note. But the court is of opinion that the

demurrer was properly sustained for want of facts sufficient to constitute a cause of action. As will be seen from an examination of the counterclaim set up in the statement of facts, it is based upon a claim made by the defendant *John C. Arnold* to the effect that during the time that he and Agnes Arnold were husband and wife they lived upon the premises and conducted a business thereon, and that he made certain improvements on the real estate, the title to which was in his wife, and that said defendant was under the impression that he and his wife were joint owners of the property, and that he paid the taxes and paid off a mortgage on the property, and that such expenditures were made during the life of said Agnes, his wife, and that the premises were greatly enhanced by said defendant *John C. Arnold* in excess of the amounts paid and expended thereon by him. The claim of said defendant, therefore, is based upon the fact that he paid off a lien and expended other moneys for the benefit of his wife's property during her life and supposed he was a joint owner. These alleged facts constitute no claim, legal or equitable, against the real estate in question. Money expended by a husband upon his wife's real estate is presumed to be expended for her benefit. 21 Cyc. 1426; 14 Am. & Eng. Ency. of Law (1st ed.) 579, 625; *Selover v. Selover,* 62 N. J. Eq. 761, 48 Atl. 522; *Wright v. Hood,* 49 Wis. 235, 5 N. W. 488; *Clark v. North,* 131 Wis. 599, 111 N. W. 681. Nor does the alleged fact that said defendant was under the impression that he was a joint owner raise any right, legal or equitable, in his favor and against the property of his former wife. So, too, the mere fact that he paid off a mortgage on the property creates no right in his favor in the real estate. No facts are pleaded in any way tending to show that by agreement or otherwise the said defendant was to be reimbursed for any moneys expended; nor are any facts alleged tending to show that he was to be subrogated to the rights of the mortgagee under the mortgage which it is alleged he paid.

Many cases are cited by appellant involving the rights of

parties in partition suits, but such cases are not applicable here, because during the life of Agnes Arnold said defendant had no interest, legal or equitable, in her property under the allegations of the counterclaim; therefore the counterclaim states no cause of action. It follows that the order sustaining the demurrer must be affirmed.

*By the Court.*—It is so ordered.